Alethea WARD, Appellant,

v.

ACOUSTISEAL, INC., and Division of Employment Security, Respondents.

No. WD 62868.

Missouri Court of Appeals, Western District.

Feb. 3, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2004.

Samuel I. McHenry, Kansas City, for Appellant.

Ninion S. Riley, Jefferson City, Jack D. Rowe, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Alethea Ward challenges the Labor and Industrial Relations Commission's decision [1] that, because Ward was incarcerated for several days for not appearing for court in connection with traffic violations, she had voluntarily quit her job and was not eligible for unemployment compensation. We affirm the commission's decision.

Ward had worked for Acoustiseal, Inc., for approximately five years when, on November 22, 2002, two bail bondsmen appeared at her job site and took her into custody because of outstanding warrants for traffic charges.[2] Before the bondsmen took her away, Ward's supervisor told her that "it would not affect [her] job."

Ward was incarcerated until the evening of December 2, 2002. While in jail, she did not telephone Acoustiseal to report her absences but had someone else do it. Acoustiseal's employee policy required its employees to telephone personally to report absences from work and declared that failure to do so would result in an employee's receiving two "absenteeism occasions" rather than one. Acoustiseal terminated any employee who had four "absenteeism occasions" within a six-month period.

On December 3, 2002, Ward telephoned Acoutiseal's human resources personnel who told her that Acoutiseal had terminated her employment because of her not reporting to work and not telephoning to report her absences. Ward applied for unemployment benefits with the Division of Employment Security. One of the division's deputies determined that Ward was not qualified to receive unemployment benefits on the ground that Ward had quit her job voluntarily without good cause attributable to her work or her employer. Ward appealed the deputy's decision to the division's appeals tribunal, which also found that Ward voluntarily quit her job without good cause attributable to her work or her employer. Ward appealed this decision to the commission, which affirmed and adopted the appeals tribunal's decision as its own. Ward appeals the commission's decision.

■ Ward asserts that the commission's decision is wrong because she did not voluntarily quit her job. She asserts that Acoustiseal discharged her after assuring her that her absence was approved and would not affect her job. We disagree.

■ Section 288.050.1(1), RSMo 2000, requires that, for an employee who has quit her job to qualify for unemployment compensation, her quitting must have been for good cause attributable to her work or her employer. "An employee is deemed to

1. Although no judicial officer recognized by Mo. CONST., art. V (1945), has issued a judgment in this case, we presume that we have jurisdiction to consider an appeal directly from the commission by the authority of § 288.210, RSMo 2000, and Mo. CONST., art. V, § 18. Our presumption appears to be consistent with the Supreme Court's finding of jurisdiction in workers' compensation cases pursuant to § 287.495 in *Goodrum v. Asplundh Tree Expert Co.,* 824 S.W.2d 6, 8–9 (Mo. banc 1992).

2. In October 2002, Ward posted an appearance bond for three outstanding traffic violations and was to appear in court on November 18, 2002. Although Ward knew that she would be arrested if she did not appear in court, she chose not to appear. The court revoked Ward's appearance bond and issued an arrest warrant for her failure to appear. The prosecuting attorney later dismissed all the charges.

have left work voluntarily when she leaves of her own accord as opposed to being discharged, dismissed or subjected to lay-off by the employer." *Worley v. Division of Employment Security*, 978 S.W.2d 480, 483 (Mo.App.1998). In interpreting § 288.050, the courts " 'have required that an employee not have *caused* [her] dismissal by [her] wrongful action or inaction or [her] choosing not to be employed.' " *Ford v. Labor and Industrial Relations Commission*, 841 S.W.2d 255, 257 (Mo. App.1992) (citation omitted and emphasis in the original).

By not appearing at a court proceeding, which resulted in the issuance of an arrest warrant, her subsequent arrest, incarceration, and absence from work, Ward voluntarily resigned from her employment. *Id.* at 258–59. She, therefore, was ineligible for unemployment benefits. Ward admitted that she knew she had a scheduled court hearing, that she chose not to appear at the hearing, that her bail had been revoked, and that a warrant had been issued for her arrest because of her failure to appear.

She asserts, however, that her supervisor assured her that her absence would not affect her job. We "examine the whole record to determine if it contains sufficient competent and substantial evidence to support the [commission's decision], i.e., whether the [decision] is contrary to the overwhelming weight of the evidence." *See Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003).

The commission did not rule that the supervisor did not make the statement but rejected Ward's contention that the statement constituted the granting a leave of absence. We do not discern any basis for disturbing this decision.

■ "In ordinary usage, the term 'leave of absence' means that the employee is given permission to be absent from work for a certain time, at the expiration of which the employee will return to his employment status." *Trail v. Industrial Commission*, 540 S.W.2d 179, 182 (Mo. App.1976). When an employer and employee agree on a leave of absence, the employee does not voluntarily quit her job. *Id.*

When the supervisor told Ward, as the bondsmen were taking her away, that "it would not affect [her] job[,]" the supervisor did not know that Ward would miss more than that day of work. Ward lost her job because she subsequently was in jail for 10 days. The evidence does not show that Ward and Acoustiseal agreed to a leave of absence for 10 days. Moreover, the commission did not believe that Acoustiseal granted Ward an open-ended leave of absence with a guarantee of employment. We may not substitute our judgment on the evidence for that of the commission, and we defer to the commission's determinations regarding weight of the evidence and the credibility of witnesses. *Dixon v. Division of Employment Security*, 106 S.W.3d 536, 540 (Mo.App.2003).

Substantial and competent evidence supported the commission's determination that Ward voluntarily quit her job without good cause attributable to her work or her employer. We affirm the commission's decision.

THOMAS H. NEWTON, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.