I. COX CONSTRUCTION COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY, APPELLANT, v. CH2 INVESTMENTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; JIM HARWIN, AN INDIVIDUAL; AND SAFE SHOT, LLC, A NEVADA LIMITED LIABILITY COMPANY, RESPONDENTS.

No. 58393

March 7, 2013                                296 P.3d 1202

*Holland & Hart LLP* and *Jerry M. Snyder*, Reno, for Appellant.

*Robison Belaustegui Sharp & Low* and *Mark G. Simons*, Reno, for Respondent CH2 Investments, LLC.

*Jim Harwin*, Reno, in Proper Person.

*Safe Shot, LLC*, Reno, in Proper Person.

Before PICKERING, C.J., HARDESTY and SAITTA, JJ.

# OPINION

By the Court, PICKERING, C.J.:

Mechanics' liens provide a security interest in property for those who contribute labor or materials to construction projects. A lien must be timely filed, within 90 days of the completion of the "work of improvement," to be valid. We have not interpreted "work of improvement" since before the Legislature revised the mechanic's lien statutes. Here, the primary questions are whether the district court erred in relying on *Vaughn Materials v. Meadowvale Homes*, 84 Nev. 227, 438 P.2d 822 (1968), to define the scope of a contract for a work of improvement and in determining a lien was untimely. Because the district court did not err in relying on *Vaughn*, and its findings were not clearly erroneous, we affirm.

## I.

Respondents Jim Harwin and Safe Shot, LLC (together, Harwin) hired appellant I. Cox Construction Company, LLC, to construct a shooting range. Cox originally estimated the cost at approximately $37,000 but informed Harwin that that number would change as Cox ascertained actual costs and additional expenses. Harwin approved construction, and Cox prepared plans, which included a number of additional items not included in the original cost estimate, and then began work. The parties did not have a written agreement.

Harwin paid Cox's bills as the construction continued through the summer and fall of 2009. By September, Cox had billed $48,810. Harwin paid $46,000 by October 8 without complaint, but then refused to pay anything further. Cox worked through October, then left the project. By this point the project was largely finished, and Harwin opened Safe Shot for business soon after. Harwin received complaints from other tenants about the noise and, in late 2009 and early 2010, installed soundproofing and made other improvements to the building.[1]

In March 2010—more than 90 days after Cox had left the project but less than 90 days after Harwin installed the soundproofing—Cox recorded its mechanic's lien. In August, Cox filed a complaint against Harwin and Harwin's landlord, respondent CH2 Investments, LLC, claiming the project had cost in excess of $86,000 and seeking to foreclose on the property to recover over $40,000

---

[1]Harwin also installed some glass in January 2010, but Cox does not rely on this fact in his appeal.

in damages and costs. Harwin petitioned the court to remove the lien, and Cox opposed removal. The district court heard argument on December 21, 2010, and January 11, 2011. Relying on *Vaughn*, the district court held that Cox could not "tack" the soundproofing to the "work of improvement" of constructing a shooting range. Accordingly, the district court held the lien was not timely and was therefore frivolous, and that the lien was excessive, and it ordered the lien released. Cox appealed.

## II.

Cox argues that it was improper for the district court to consider the timeliness issue because Harwin did not raise that issue prior to the hearing; that the district court erred in determining, under *Vaughn*, that the soundproofing was not part of the "work of improvement"; and that the district court erred in finding the lien was both frivolous and excessive.

This court reviews questions of statutory construction and the district court's legal conclusions de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008); *California Commercial v. Amedeo Vegas I*, 119 Nev. 143, 145, 67 P.3d 328, 330 (2003). In interpreting a statute, this court will look to the plain language of its text and construe the statute according to its fair meaning and so as not to produce unreasonable results. *Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 641-42, 81 P.3d 532, 534 (2003).

The mechanic's lien statutes are remedial in nature and should be liberally construed to protect the rights of claimants and promote justice. *Peccole v. Luce & Goodfellow*, 66 Nev. 360, 370-71, 212 P.2d 718, 723-24 (1949). However, claimants must substantially comply with the statutes' requirements. *Id.* at 370, 212 P.2d at 723. The scope of an "improvement" is a question of fact for the trial court to determine, *Schultz v. King*, 68 Nev. 207, 214, 228 P.2d 401, 404 (1951), and this court will not set aside the district court's factual findings unless those findings are clearly erroneous, *J.D. Construction v. IBEX Int'l Group*, 126 Nev. 366, 381, 240 P.3d 1033, 1043 (2010).

## A.

As a preliminary matter, Cox argues that the district court erred by determining the lien's timeliness because Harwin did not raise the issue prior to hearing and then misled the court by stating the

issue had been previously raised as an affirmative defense when it had not.

NRCP 15(b) allows a court to hear an issue not raised in the pleadings when the issue is tried with the express or implied consent of the parties. *E.g.*, *Elliot v. Resnick*, 114 Nev. 25, 30, 952 P.2d 961, 964-65 (1998). Here it can be fairly inferred that the district court found Cox had impliedly consented to the issue being heard. Cox broached the issue first, early in the December 21 hearing, by questioning Harwin regarding the scope of the "work of improvement." Furthermore, although Cox later questioned whether timeliness had been waived, it did not press the point, instead arguing the issue extensively on the merits at both hearings. Cox therefore gave implied consent and the district court did not err in addressing timeliness.

Harwin's inaccurate statement that he challenged timeliness in his answer does not change this analysis. Cox joined issue on timeliness before Harwin made the statement, and it was incumbent on Cox, if it intended to claim waiver, to verify the record. A party cannot raise an issue, argue it on the merits at two separate hearings, and then, after the party loses on the issue, claim that it should not have been heard.

## B.

Cox disputes the district court's reliance on *Vaughn Materials v. Meadowvale Homes*, 84 Nev. 227, 438 P.2d 822 (1968), to determine the soundproofing was not part of the "work of improvement." The district court found that the "work of improvement" had been completed before the need for soundproofing arose and relied on *Vaughn* to determine Cox could not enlarge the time for filing a lien by "tacking" the soundproofing to the work of completing a shooting range.[2] Because it found the "work of improvement" concluded more than 90 days before Cox filed the lien, it held the lien was untimely and therefore dismissed it as frivolous.

*Vaughn* was decided under the since-repealed NRS 108.060, which read:

> Every person claiming the benefit of NRS 108.010 to 108.220, inclusive, shall, not earlier than 10 days after the completion of his contract, or the delivery of material by him, or the performance of his labor, as the case may be, and

---

[2]In *Vaughn*, this court prevented a lien claimant from "tack[ing]" certain projects or contracts together to extend a "work of improvement" and enlarge the filing period. 84 Nev. at 229, 438 P.2d at 823-24.

in each case not later than 30 days after the completion of the contract and the recording of the completion notice by the owner as provided in NRS 108.090, and in all other cases 90 days after *the completion of the contract, or the delivery of material, or the performance of his labor,* as the case may be . . . .

NRS 108.060 (1967), *repealed by* 1969 Nev. Stat., ch. 467, § 3, at 824 (emphasis added). Cox argues that former NRS 108.060 limited the "work of improvement" to work done by the lien claimant and that, in contrast, current statutes NRS 108.226 and NRS 108.22188 define "work of improvement" more broadly to include work done by other parties.

NRS 108.226 reads:

**Perfection of lien: Time for recording notice of lien . . . .**
1. To perfect a lien, a lien claimant must record a notice of lien . . .
(a) Within 90 days after the date on which the latest of the following occurs:
(1) *The completion of the work of improvement*;
(2) The last delivery of material or furnishing of equipment *by the lien claimant* for the work of improvement; or
(3) The last performance of work *by the lien claimant* for the work of improvement . . . .

(Emphasis added.) NRS 108.22188, a companion statute to NRS 108.226, defines "[w]ork of improvement":

"Work of improvement" means the entire structure or scheme of improvement as a whole, including, without limitation, all work, materials and equipment to be used in or for the construction, alteration or repair of the property or any improvement thereon, whether under multiple prime contracts or a single prime contract . . . .

NRS 108.226 and former NRS 108.060 are similar if not effectively identical regarding the 90-day filing deadline. Both give three similar trigger dates for when the deadline begins to run: first, from "the completion of the contract" under former NRS 108.060, or "[t]he completion of the work of improvement" under NRS 108.226—both referencing a general event not specifically tied to the claimant's work; second, from the date of the delivery of material for the project; and third, from the completion of the claimant's own labor on the project. Significantly, neither statute requires that the 90-day filing period begin to run from the time the claimant completes its own work, although both list that as one possibility.

NRS 108.22188 defines "work of improvement" to include more than the particular claimant's work. However, this broad definition existed before *Vaughn*. For example, this court in 1949 looked at the scope of "work of improvement" and noted that the law at the time defined "improvement" to broadly encompass "the *entire structure or scheme of improvement as a whole." Peccole*, 66 Nev. at 378, 212 P.2d at 727. It further noted that separate contracts would still come together under the definition of "work of improvement" if that work were continuous. *Id.*

Thus, although the mechanic's lien statutes have been revised since *Vaughn*, the analysis of what constitutes a "work of improvement" has remained unchanged. The district court did not err by relying on *Vaughn*.

Neither did the district court abuse its discretion in finding that the soundproofing fell outside the scope of the "work of improvement." As noted, the scope and duration of the "work of improvement" is a fact for the district court to determine. *Schultz v. King*, 68 Nev. 207, 214, 228 P.2d 401, 404 (1951). Here, the district court heard significant testimony and argument regarding the purpose of and impetus for the soundproofing, including evidence that neither party contemplated the soundproofing as part of the project, neither the building nor the operating permits required soundproofing, and the project was completed such that Harwin opened for business before the need for soundproofing arose. Therefore, the district court's finding that the "work of improvement" was complete before Harwin installed the soundproofing is not clearly erroneous.

Moreover, to adopt Cox's definition of "work of improvement" would enlarge the statute to unreasonably extend the time during which a "work of improvement" is ongoing. Harwin may not have become aware of the need for soundproofing for months, years, or even decades after opening for business. Were that the case, it would be unreasonable for the court to find that the "work of improvement" was still ongoing simply because Harwin suddenly had to install soundproofing. This interpretation would enable any number of unforeseen and unforeseeable projects or repairs to continue the "work of improvement." Such an interpretation is far too broad.

In sum, the district court did not err in relying on *Vaughn* because the analysis of what constitutes a "work of improvement" remains the same today as it was then, despite revisions to the statute. The district court did not clearly err in finding that the

soundproofing was not within the scope of the "work of improvement" or finding that the lien was untimely and frivolous.[3] Because the lien was frivolous, NRS 108.2275(6)(a) required the court to expunge it. This conclusion resolves this appeal, making it unnecessary to address the additional finding of excessiveness.

We affirm.

HARDESTY and SAITTA, JJ., concur.

---

[3]Cox also argued the district court should have granted additional time for discovery and that the court erred by not determining an appropriate amount for the lien. These arguments are without merit. The district court did not err by failing to grant additional time for discovery because a district court may appropriately base its decision on affidavits and deposition testimony. *J.D. Construction v. IBEX Int'l Group*, 126 Nev. 366, 376, 240 P.3d 1033, 1040 (2010). The permissive nature of NRS 108.2275(6)(b) does not require the court to determine an appropriate amount for a lien it deems excessive. Moreover, Cox has the burden of proving the amount of the lien, and as the district court found Cox failed to meet this burden of proof, it was not under obligation to determine an appropriate amount. *J.D. Construction*, 126 Nev. at 369, 240 P.3d at 1036.