2016 UT App 21

# THE UTAH COURT OF APPEALS

BRYAN FALLSTROM,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150202-CA
Filed Februray 4, 2016

Original Proceedings in this Court

Bryan Fallstrom, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and KATE A. TOOMEY.

PER CURIAM:

¶1 Bryan Fallstrom seeks judicial review of the final decision of the Workforce Appeals Board (the Board). Fallstrom asserts that the Board erred in determining that he quit his position without good cause, thereby making him ineligible for unemployment benefits.

¶2 The Board's decision concerning whether a person voluntarily quit his employment and the associated inquiries concerning that person's qualification for benefits are mixed questions of fact and law that are more fact-like because the case "does not lend itself to consistent resolution by a uniform body of appellate precedent." *Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination in such matters is entitled to deference. *Id.* "When a petitioner challenges an agency's findings of fact, we are required to uphold the

findings if they are supported by substantial evidence when viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶3    Fallstrom argues that the Board erred in its determination that he voluntarily quit his employment. A termination of employment is considered a voluntary quit when the employee is the moving party in ending the employment relationship. *See* Utah Admin. Code R994-405-101(1). The record supports the Administrative Law Judge's (ALJ) and the Board's findings that Fallstrom was the moving party in ending the employment relationship. Specifically, Fallstrom requested several weeks off between June and August of 2014. Fallstrom also indicated that he did not know if he would be available to work from September through November of that year. Employer indicated that it had one to three shifts per week available for Fallstrom and that Employer did not think it would be able to accommodate his significant vacation requests. Representatives of Employer testified that in response to this information Fallstrom suggested that he simply leave his employment and come back to work at the end of the time he requested off. Employer's manager, in turn, told Fallstrom that she would hire him back when he returned. Thus, evidence demonstrated that Fallstrom had the option of continued part-time employment, but chose to quit instead. Fallstrom contested some of this testimony. However, both the ALJ and the Board found the Employer's account to be more credible. *See Salt Lake City Corp. v. Department of Emp't Sec.*, 657 P.2d 1312, 1312 (Utah 1982) (stating that an agency, as opposed to the reviewing court, resolves conflicting facts). Accordingly, based on the evidence presented, we cannot disagree with the Board's determination that Fallstrom voluntarily quit his employment.

¶4    A claimant who voluntarily quits employment may still be entitled to benefits if he shows good cause for the separation or if denying benefits would be contrary to equity and good conscience. *See* Utah Admin Code. R994-405-101(3).

> To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the relationship was necessary. Good cause is also established if a claimant left work which is shown to have been illegal or to have been unsuitable new work.

*Id.* R994-405-102. Further, even if an adverse effect is shown, good cause may not be found if the claimant reasonably could have continued working while looking for other employment. *See id.* R994-405-102(1)(b). Here, Fallstrom does not argue that he had good cause to end his employment; accordingly, we do not address the issue.

¶5   Fallstrom does argue, however, that it would be contrary to equity and good conscience to deny him benefits. *See id.* R994-405-103. To meet this standard, a claimant must demonstrate that his actions were reasonable and that there were mitigating circumstances that would make the denial of benefits an affront to fairness. *See id.* R994-405-103(1)(a). The Board determined that Fallstrom failed to make such a demonstration because he did not act reasonably. Specifically, the Board determined that Fallstrom acted unreasonably in asking for an excessive number of vacation days and in deciding to leave his employment rather than remaining employed and working the shifts offered. Accordingly, the Board found that Fallstrom failed to meet the standards of the equity and good conscience exception. Fallstrom has provided us with no evidence to demonstrate that the Board abused its discretion in so finding.

¶6   Accordingly, we decline to disturb the decision of the Board.

———————