**134 Nev., Advance Opinion 34**
IN THE SUPREME COURT OF THE STATE OF NEVADA

EUGENIO DOLORES,
Appellant,
vs.
THE STATE OF NEVADA,
EMPLOYMENT SECURITY DIVISION;
RENEE OLSON, IN HER CAPACITY AS
ADMINISTRATOR OF THE
EMPLOYMENT SECURITY DIVISION;
AND KATIE JOHNSON, IN HER
CAPACITY AS CHAIRPERSON OF THE
EMPLOYMENT SECURITY DIVISION
BOARD OF REVIEW,
Respondents.

No. 72126

FILED

MAY 03 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from an order denying a petition for judicial review in an action for unemployment benefits. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

*Affirmed.*

Nevada Legal Services, Inc., and Dawn R. Miller, Las Vegas,
for Appellant.

Laurie L. Trotter, Senior Legal Counsel, Nevada Employment Security Division, Carson City,
for Respondents.

BEFORE THE COURT EN BANC.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-16780

*OPINION*

By the Court, GIBBONS, J.:

In this appeal, we consider whether submitting a resignation when faced with a resign-or-be-fired option is a voluntary resignation under NRS 612.380, thereby disqualifying an individual from unemployment benefits. We hold that where the record shows that the appellant's decision to resign was freely given and stemming from his own choice, such a resignation is voluntary pursuant to NRS 612.380. Accordingly, we affirm the district court's decision to deny judicial review.

## FACTS AND PROCEDURAL HISTORY

Appellant Eugenio Dolores filed an appeal after respondent, the Employment Security Division (ESD), denied his claim for unemployment benefits under NRS 612.380. Dolores worked at the airport as a ground agent for Southwest Airlines for over seven years. The Transportation Security Administration (TSA) requires airport employees to wear a Security Identification Display Area (SIDA) badge, which must be renewed every year. In July 2015, TSA altered its SIDA badge policy and, under this new policy, TSA improperly confiscated Dolores's badge based on a misunderstanding of a previous criminal conviction. Dolores contested this revocation, and his employer, Southwest Airlines, granted him ten days' leave to resolve the matter. When this time lapsed and Dolores had not been reissued a SIDA badge, Southwest informed Dolores that he could either resign or he would be fired. Dolores subsequently submitted a letter of resignation.

Dolores proceeded to file a claim for unemployment insurance benefits with ESD. An ESD claims adjudicator denied Dolores's claim based on NRS 612.380, stating that Dolores resigned from his "employment in

SUPREME COURT
OF
NEVADA

(O) 1947A

2

anticipation of being discharged or laid off" and therefore voluntarily resigned. Dolores appealed the decision. An administrative referee ultimately denied the claim, finding that Dolores voluntarily resigned under NRS 612.380. Dolores appealed the referee's decision to the Board of Review, which affirmed the referee's decision. Dolores then filed a petition for judicial review in district court, which was denied. Dolores now appeals to this court.

## DISCUSSION

Dolores argues that pursuant to NRS 612.380, his resignation was not voluntary and was for good cause because he was told he could resign or be fired. We disagree.

### Dolores voluntarily resigned

First, we address whether Dolores voluntarily resigned under NRS 612.380. "This court reviews questions of statutory construction and the district court's legal conclusions de novo. In interpreting a statute, this court will look to the plain language of its text and construe the statute according to its fair meaning and so as not to produce unreasonable results." *I. Cox Constr. Co., LLC v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013) (internal citations omitted). Nevada has not yet defined "voluntary" for purposes of unemployment benefits; however, other jurisdictions have defined it as "a decision to quit that is freely given and proceeding from one's own choice or full consent." 76 Am. Jur. 2d *Unemployment Compensation* § 104 (2016) (citing *Thompson v. Kentucky Unemployment Ins. Comm'n*, 85 S.W.3d 621 (Ky. Ct. App. 2002), and *Ward v. Acoustiseal, Inc.*, 129 S.W.3d 392 (Mo. Ct. App. 2004)). Applying that definition to Dolores's case, the question here is whether Dolores's decision to resign was freely given despite the fact that he was given a resign-or-be-fired ultimatum.

Because Nevada has not yet addressed unemployment benefits in the "resign-or-be-fired" context, we look to how other jurisdictions have addressed the issue. In *Thomas v. District of Columbia Department of Labor*, the Court of Appeals for the District of Columbia held that in a quit-or-be-fired situation, "it is not proper to take such a quit, tendered in lieu of termination, out of its context and regard it as dispositive on the issue of voluntariness for unemployment benefits determination purposes." 409 A.2d 164, 170 (D.C. 1979) (acknowledging the benefits both employees and employers gain from such an agreement). The *Thomas* court concluded that a claimant who was previously threatened with termination, instructed to train her replacement directly prior to her resignation, and advised to resign when she sought advice from her union representative at her employer's suggestion did not voluntarily resign. *Id.* at 173.

The Minnesota Court of Appeals, however, has held that "[w]hen an employee, in the face of allegations of misconduct, chooses to leave his employment rather than exercise his right to have the allegations determined, such action supports a finding that the employee voluntarily left his job without good cause." *Ramirez v. Metro Waste Control Comm'n*, 340 N.W.2d 355, 357-58 (Minn. Ct. App. 1983). Specifically, in *Seacrist v. City of Cottage Grove*, the Minnesota Court of Appeals held that an employee who resigned in order to protect his work record did so voluntarily when told to resign or else disciplinary action resulting in termination would result. 344 N.W.2d 889, 891-92 (Minn. Ct. App. 1984). The *Seacrist* court determined that the claimant's letter of resignation was unequivocal and that "[w]hen an employee says he is quitting, an employer has a right to rely on the employee's word." *Id.* at 892; *see also Fallstrom v. Dep't of Workforce Servs.*, 367 P.3d 1034, 1035 (Utah Ct. App. 2016) ("A termination

of employment is considered a voluntary quit when the employee is the moving party in ending the employment relationship.").

Like the claimants in the aforementioned cases, Dolores resigned when presented a resign-or-be-fired option. While the Minnesota cases involved employees who almost certainly would have been terminated for misconduct had they not resigned, and thus are not entirely factually analogous, we conclude that the legal analysis from the Minnesota Court of Appeals is most applicable and adopt it here. Accordingly, we hold that an employee presented with a decision to either resign or face termination voluntarily resigns under NRS 612.380 when the employee submits a resignation rather than exercising the right to have the allegations resolved through other available means.

Dolores submitted his unequivocal resignation letter when he faced termination for failing to obtain the SIDA badge required for his job. Although the TSA's application of its policy may have been incorrect, Dolores consciously chose to resign rather than wait and resolve the issue through the union or explore other options. *Edwards v. Indep. Servs.*, 104 P.3d 954, 957 (Idaho 2004) ("When an employee has viable options available, voluntary separation without exploring those options does not constitute good cause for obtaining unemployment benefits."). Dolores testified that he resigned because he lost his SIDA badge, to maintain his vacation pay and profit sharing benefits, and because he did not want to wait for the union to clear his case. While we recognize that the loss of his SIDA badge was not an immediately resolvable issue within Dolores's control, Dolores electing to resign to preserve his benefits and foregoing the process to resolve the issue through his union demonstrate that his resignation was a conscious decision. Thus, because the record shows that

Dolores considered multiple factors, and that the decision to resign was freely given and proceeding from his own choice, we conclude that Dolores voluntarily resigned pursuant to NRS 612.380.

*Dolores lacked good cause to resign*

Second, we consider whether Dolores had good cause to resign. Dolores argues that TSA's new SIDA badge requirements were a substantial change in his working conditions, constituting good cause for him to resign. Dolores argued below that he had good cause to resign because he had no "reasonable alternatives" to resignation; he did not, however, argue a theory of substantial change in his working conditions. Issues not argued below are "deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Thus, we hold Dolores's argument that the change in working conditions constituted good cause waived and decline to consider this argument.

As we have noted above, Dolores considered many factors when deciding to resign rather than face termination, and he elected to not pursue other options that could have allowed him to maintain his employment. We therefore conclude that substantial evidence supports the appeals referee's determination that Dolores lacked good cause to resign, which rendered him ineligible for unemployment benefits. NRS 612.380; *Edwards v. Indep. Servs.*, 104 P.3d 954, 957 (Idaho 2004) ("When an employee has viable options available, voluntary separation without exploring those options does not constitute good cause for obtaining unemployment benefits."); *see also Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013) (setting forth the standard of review).

 

## CONCLUSION

Accordingly, for the reasons set forth above, we affirm the district court's order denying Dolores's petition for judicial review for unemployment benefits.

_____, J.
Gibbons

We concur:

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

I concur in the result only.

_____, J.
Cherry