IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK WORSNOP, INDIVIDUALLY;
AND MARK SYSTEMS, INC., A
NEVADA CORPORATION,
Appellants,
vs.
MATTHEW KARAM,
Respondent.

No. 77248

FILED

FEB 2 7 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from an order denying a motion to set aside a renewed judgment and to declare void an expired judgment. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

In August 2017, respondent Matthew Karam filed a motion and supporting affidavit to renew his 2011 judgment against appellants Mark Worsnop and Mark Systems, Inc. (collectively, Worsnop), which the district court granted one day later. Worsnop filed a motion to set aside the renewed judgment and to declare the expired judgment void, arguing that Karam failed to comply strictly with the express terms of NRS 17.214. Karam responded that he properly used the alternative common law method for renewing his judgment. The district court denied Worsnop's motion. It found that although Karam was required to renew his judgment in accordance with NRS 17.214, and he failed to comply with the statute's recording provision, the motion and affidavit Karam filed in district court was sufficient to start the renewal process, thereby tolling the six-year limitation period pursuant to NRS 11.190(1)(a). The district court made no findings of fact with regard to whether Karam's affidavit substantively

complied with the statute's requirements or whether he met the statute's service requirement but it gave Karam five days to file an amended affidavit in compliance with NRS 17.214, which Karam did. Worsnop appeals.

*Standard of review*

This appeal centers on two issues of statutory construction and interpretation, which we review de novo. *I. Cox Constr. Co., LLC v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013). The first issue concerns whether NRS 17.214 provides the only proper mechanism to renew a judgment in Nevada. The second issue concerns whether the act of filing a judgment renewal affidavit on its own may toll the limitation period for judgment renewals.

*Judgment renewals under Nevada law*

A judgment creditor may renew an unpaid judgment by using the renewal process established by the Legislature. First, a judgment creditor must file a compliant "Affidavit of Renewal of Judgment" in the court that entered the judgment. NRS 17.214(1)(a). This affidavit must be filed within 90 days of the judgment's expiration by limitation under NRS 11.190(1)(a). *Id.* After a judgment creditor files the affidavit, they must record the filed affidavit in the county recorder's office within three days. NRS 17.214(1)(b). Finally, a judgment creditor must notify the judgment debtor by sending a copy of the affidavit by certified mail, return receipt requested, to the judgment debtor's last known address. NRS 17.214(3). The judgment creditor must send this notice within three days of filing the affidavit. *Id.*

Worsnop asserts that a creditor must follow NRS 17.214 to renew a judgment. Worsnop also argues that Karam failed to comply with the statute's provisions before the judgment expired and the district court

therefore erred in renewing the judgment. Karam argues that a creditor may also renew a judgment using a common law judicial renewal process, under which the judgment creditor moves the court for an order renewing a judgment. While Karam avers that this process has been in place for decades, he does not cite to any cases that approve or define such a process.

This court recognizes that "judgment renewal proceedings are purely statutory in nature," and courts cannot deviate from the legislatively mandated conditions for renewal. *Leven v. Frey*, 123 Nev. 399, 409, 168 P.3d 712, 719 (2007). Although we previously recognized a judgment creditor may sue a judgment debtor on an unpaid judgment by filing a common law action upon the judgment, such an action does not renew the judgment but instead results in a new judgment in the amount still owed. *See Mandlebaum v. Gregovich*, 24 Nev. 154, 161, 50 P. 849, 851 (1897) (stating "that it may be an advantage to obtain another judgment in order to save or prolong" an existing judgment lien); *Fidelity Nat'l Fin. Inc. v. Friedman*, 238 P.3d 118, 121 (Ariz. 2010) (observing that the "purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing the satisfaction of the original cause of action" (citations and internal quotation marks omitted)). Therefore, Karam's argument that there is a common law method to *renew a judgment* is unpersuasive. Accordingly, the district court did not err when it determined that the only method for Karam to renew his judgment is under NRS 17.214.[1] *See Leven*, 123 Nev. at 409, 168 P.3d at 719.

---

[1]Karam does not assert that his motion and affidavit were sufficient to constitute an action upon the judgment and entitle him to a new judgment in the amount of the original judgment's unpaid balance. Regardless, even if Karam intended to file an action on the judgment, we

*Karam did not strictly comply with NRS 17.214's recording requirement*

NRS 17.214(1)(b) provides that an affidavit of renewal must be recorded "in the office of the county recorder in which the original judgment is filed within 3 days after the affidavit of renewal is filed." As we previously stated, NRS 17.214 "includes no built-in grace period or safety valve provision." *Leven*, 123 Nev. at 407, 168 P.3d at 718. The timing requirements of NRS 17.214 "must be complied with strictly." *Id.* at 408, 168 P.3d at 718. Here, it is undisputed that Karam did not timely record his affidavit of renewal within the three-day period set forth in NRS 17.214(1)(b). Therefore, the district court properly concluded that Karam did not comply with NRS 17.214.

*Filing the affidavit of renewal of judgment does not toll the limitation period*

Under Nevada law, judgments are valid for six years until they expire by limitation. NRS 11.190(1)(a). As stated above, a judgment creditor may begin the judgment renewal process within 90 days before a judgment expires by limitation. NRS 17.214(1)(a). Should a judgment creditor fail to file a compliant affidavit before the limitation period runs, or fail to timely record and serve the filed affidavit, the judgment expires by operation of law. *See* NRS 11.190(1)(a); NRS 17.214.

Here, the district court determined that filing an affidavit of renewal is sufficient to commence the process under NRS 11.190(1)(a) and

---

conclude that his motion and supporting affidavit do not meet the procedural requirements for doing so. *See Polk v. Tully*, 97 Nev. 27, 29, 623 P.2d 972, 973 (1981) (concluding that, in the absence of a statute requiring an independent judgment renewal action, a judgment creditor may revive a judgment by filing a complaint in the same case number as the original judgment and serving the debtor with a summons and complaint), *superseded by statute as stated in Leven*, 123 Nev. at 402 n.6, 168 P.3d at 714 n.6.

toll the limitation period for judgment renewal. That conclusion is inconsistent with our holding in *Leven*. In *Leven*, 123 Nev. at 401, 168 P.3d at 714, judgment creditor Frey timely filed his affidavit of judgment renewal but recorded the affidavit late. Judgment debtor Leven moved the court to declare void the expired judgment, arguing that Frey failed to comply strictly with NRS 17.214. *Id.* The district court denied Leven's motion, concluding that Frey's delay in recording and providing service did not result in any prejudice to Leven. *Id.* This court reversed the district court, concluding that Frey did not timely record his affidavit of renewal and, therefore, failed to renew his judgment. *Id.* at 409-10, 168 P.3d at 719. Thus, we held the judgment was void because the limitation period expired without a proper renewal. *Id.* at 409, 168 P.3d at 719. Accordingly, we instructed the district court to grant Leven's motion to declare the judgment void. *Id.* at 410, 168 P.3d at 719.

In light of our decision in *Leven*, we conclude that the district court erred when it determined that the filing of the affidavit alone tolls the limitation period under NRS 11.190(1)(a). A judgment creditor must file a compliant affidavit of renewal under NRS 17.214 prior to the judgment's expiration by limitation and record it within three days thereafter (if the judgment was recorded) to effectively complete the renewal process.

*Equitable tolling*

Karam asserts the doctrine of equitable tolling can preserve his judgment. Worsnop argues that nothing in the district court's order suggests that it applied equitable tolling principles, and that regardless, there is no evidence to support the application of the doctrine of equitable

tolling.[2] We agree. Karam did not argue and the district court did not find the factors that apply to equitable tolling, and the record does not support its application here. However, to the extent that the district court did apply equitable tolling, we conclude that it erred in that regard, as discussed below.

We recognize that limitation periods can be subject to equitable tolling. *See Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983). Equitable tolling may be appropriate when the danger of prejudice to the defendant is absent and the interests of justice so require. *Id.* Factors relevant to an equitable tolling determination include the following: "the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements" made by the decision-maker "that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of [an] employer against whom [a] claim is made; the prejudice to the [opposing party] that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case." *Id.*; *see also State, Dep't of Taxation v. Masco Builder Cabinet Grp.*, 127 Nev. 730, 738-39, 265 P.3d 666, 671-72 (2011) (holding that equitable tolling for a tax refund request is appropriate where the only basis for denial was a procedural technicality and prejudice to the Tax Department is absent).

---

[2]We reject Worsnop's argument that Karam may not raise the issue of equitable tolling for the first time on appeal. *Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) (stating that "respondent may . . . advance any argument in support of the judgment even if the district court rejected or did not consider the argument").

With respect to the statutory judgment renewal process under NRS 17.214, we previously held that the doctrine of equitable tolling may be applicable where a judgment debtor abuses the bankruptcy process to evade collection. *See O'Lane v. Spinney*, 110 Nev. 496, 501, 874 P.2d 754, 757 (1994) (holding that "[a]lthough there is no basis in law for legally preserving or resuscitating the judgment, there would be a basis for invoking the doctrine of equitable tolling during the period of [the judgment debtor's] bankruptcy proceedings if it could be shown that [the judgment debtor] had no legitimate basis for seeking protection under the Bankruptcy Act"). In opposing Worsnop's motion to set the renewed judgment aside, Karam did not present evidence regarding any of the factors outlined in *Copeland* and the district court made no findings in that regard. The record indicates that Karam's failure to comply with NRS 17.214's deadlines was not due to Worsnop evading collection but was instead because Karam did not follow the statute's requirements. *See id.* at 503, 874 P.2d at 758 (3-2 decision) (Young, J., dissenting) (stating that no basis for remand regarding equitable tolling where the "loss of a collection remedy appear[ed] to be a garden variety case of nonfeasance"). Moreover, our equitable tolling cases involve plaintiffs who did not file a claim within the applicable limitations period for the above reasons rather than a plaintiff who timely filed a defective pleading.[3] Thus, we decline to apply the doctrine of equitable tolling in this case. *See Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538 (2010) ("When the material facts of a case are undisputed, the effects of the application of a legal doctrine to those facts are a question of law that this court reviews de novo.").

---

[3]Neither Karam nor the district court cite any authority that applies equitable tolling in this context.

*Conclusion*

We conclude that the district court erred when it denied Worsnop's motion to set aside the judgment. Karam failed to comply with the statutory judgment renewal process under NRS 17.214 and there was no legal or equitable basis to toll the limitation period. Therefore, Karam's judgment expired by limitation under NRS 11.190(1)(a).

Accordingly, we ORDER the district court's order denying Worsnop's motion to set aside a renewed judgment and to declare void an expired judgment REVERSED and REMAND this matter to the district court with instructions that it grant the motion.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Lynne K. Simons, District Judge
      Robert L. Eisenberg, Settlement Judge
      Steven J. Klearman & Associates
      The Digesti Law Firm, Ltd.
      Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A