# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUBGALLAGHER INVESTMENT
TRUST; AND P. MOORE, AS TRUSTEE,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
STEFANY MILEY, DISTRICT JUDGE,
Respondents,
   and
LAS VEGAS PAVING CORPORATION,
A NEVADA CORPORATION; ALL NET
DEVELOPMENT, INC., A NEVADA
COMPANY; ALL NET, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
DRIBBLE DUNK LLC, A NEVADA
LIMITED LIABILITY COMPANY;
JACKIE L. ROBINSON; AND
STURGEON ELECTRIC COMPANY,
INC., A MICHIGAN CORPORATION,
Real Parties in Interest.

No. 80284

FILED

JUL 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION FOR A WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Petitioner SubGallagher Investment Trust seeks a writ of mandamus directing the district court to vacate its order requiring SubGallagher to deposit $10 million into a United States financial institution. Relevant here, All Net Development, Inc., and All Net LLC (collectively, All Net) planned to build a sports arena and entertainment complex on the Las Vegas strip. All Net contracted with Las Vegas Paving Corporation (LVPC) to do construction work for the project. As

consideration for the contract with LVPC, All Net paid $1.2 million for a $10 million payment surety bond from SubGallagher, secured by the assets of an irrevocable trust receipt. The receipt listed Dribble Dunk, the corporation acting as the property owner for the project, as the principal.

After LVPC performed construction work, All Net failed to make payments for the work, and LVPC sent SubGallagher a demand letter for $12.6 million, which SubGallagher refused to pay. LVPC then recorded a mechanic's lien for $12.6 million on the project and sued All Net and related entities, including SubGallagher. Eventually, LVPC filed a NRS 108.2425 motion for an order requiring additional security or to change or substitute security, or otherwise enforce security provided by the surety bond, and motion for SubGallagher to interplead funds pursuant to NRCP 67. The district court made no ruling on the merits but, citing concerns regarding the money's availability, ordered SubGallagher to identify and segregate the collateral pursuant to NRS 108.2425(2). SubGallagher responded that the $10 million was in a German bank. Discovery later revealed facts suggesting that SubGallagher had misrepresented the extent of its assets, including those held in the German account.

LVPC then sought to ascertain whether SubGallagher had sufficient collateral to warrant pursuing the lien claim by filing another motion under NRS 108.2425. The district court granted the motion and ordered SubGallagher to deposit the $10 million into a United States financial institution by December 24, 2019. Instead, SubGallagher filed the instant writ petition seeking a writ of mandamus directing the district court

to vacate its order granting LVPC's renewed motion for an order to enforce security.[1]

The primary issue SubGallagher presents is whether the district court abused its discretion by granting LVPC's renewed motion for an order to enforce security.[2] SubGallagher contends the district court abused its discretion under NRS 108.2425, NRS 108.2423, and NRCP 67(b) and *Peke Resources, Inc. v. Fifth Judicial Dist. Court*, 113 Nev. 1062, 1068, 944 P.2d 843, 847-848 (1997) (discussing NRCP 67(b)). For the reasons set forth below, we conclude the district court did not abuse its discretion and deny the writ petition. *See Beazer Homes Nev., Inc., v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579, 97 P.3d 1132, 1134-35 (2004) (discussing the availability of writ relief to control a manifest abuse of discretion).

---

[1]Considering the briefing in response to our June 9, 2020, order to show cause, we conclude that, although SubGallagher's alternative request for relief is moot, the petition in its entirety is not moot. Thus, while we do not consider SubGallagher's alternative request to extend the time to deposit the funds, we address the remainder of the writ petition.

[2]SubGallagher also argues that a preliminary injunction in an unrelated Pennsylvania case against it prevents it from complying with the district court's order. However—and as SubGallagher recognizes in its reply brief—that preliminary injunction dissolved upon entry of a default judgment in that case. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093-94 (9th Cir. 2010). And we need not consider SubGallagher's unsupported argument that its pending motion to set aside the Pennsylvania judgment makes compliance with the district court's order here improper. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). Moreover, until that judgment is actually set aside, SubGallagher's arguments are premature. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment.").

The issues presented by SubGallagher are questions of statutory construction that we review de novo. *See I. Cox Constr. Co. v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013). The mechanic's lien statutes provide contractors with assurance they will be paid for the investments they make during the course of a project. *See In re Fontainebleau Las Vegas Holdings, LLC*, 128 Nev. 556, 574, 289 P.3d 1199, 1210 (2012) (recognizing the nature of construction work places contractors in a vulnerable position). We liberally construe mechanic's lien statutes, as they are remedial in character, *see id.* at 573, 289 P.3d at 1210, and public policy favors enforcing mechanic's liens. *See Cashman Equip. Co. v. W. Edna Assocs.*, 132 Nev. 689, 694, 380 P.3d 844, 848 (2016).

SubGallagher first argues that the plain language of NRS 108.2425 only allows a court to order the deposit of additional or substitute security by a bond principal—not a bond surety—and that, accordingly, it is Dribble Dunk's responsibility, not SubGallagher's, to provide additional or substitute securities. NRS 108.2425(2) provides that if good cause exists, a lien claimant "may apply to the district court in a pending action . . . for an order to require the principal to provide additional security or to change, substitute or add securities, or to enforce or change any other matter affecting the security provided by the surety bond."

The issue here is whether the quoted language limits the court to ordering the *principal* to take action, or whether the language more broadly allows the court to fashion an order regarding the security provided by the surety bond, even if the order is not directed at the principal. We conclude this language is plain: the district court may *either* (1) order the principal to "provide additional security or to change, substitute or add securities," *or* (2) craft an order "to enforce or change any other matter

affecting the security provided by the surety bond." *Id.* The structure of the paragraph—listing options for court orders but with the last clause separated by a comma and the disjunctive "or"—indicates that final clause is an alternate to the prior language, rather than conditioned by the prior language. *See Coast Hotels & Casinos, Inc. v. Nev. State Labor Comm'n,* 117 Nev. 835, 841, 34 P.3d 546, 550 (2001) (addressing the interpretation of commas and the disjunctive "or" in statutes). Thus, the latter option is not limited to orders directed at the principal, and the "any other matter" language gives the district court broad discretion to take action aside from merely directing the principal to change, add to, or substitute its current security. Accordingly, it was within the district court's purview to order SubGallagher to deposit the $10 million into a United States financial institution under this statute.

We next address SubGallagher's contention that ordering the transfer violated NRS 108.2423 because no party has yet established liability of either the bond principal or the surety. NRS 108.2423 addresses liability of the principal and motions to enforce the liability of the surety. This statute does not apply here because while the district court ordered SubGallagher to deposit the money within the United States, the district court did not order SubGallagher to pay the money to any party. Thus, the district court did not enforce the liability of the surety.

Finally, SubGallagher argues the district court abused its discretion under NRCP 67(b) by failing to properly apply the "deposit in court rule" as set forth in *Peke Resources, Inc. v. Fifth Judicial Dist. Court,* 113 Nev. 1062, 944 P.2d 843 (1997). This argument is also misplaced, as NRCP 67(b) and *Peke* address the district court's ability to order a party to deposit, with the court, money that is the subject of litigation. Here,

however, the district court did not order SubGallagher to deposit the money with the court. Rather, the court ordered SubGallagher to deposit the money with a United States financial institution.

Accordingly, we conclude writ relief is not warranted, and we ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Stefany Miley, District Judge
        Litchfield Cavo LLP
        Brownstein Hyatt Farber Schreck, LLP/Las Vegas
        Dobberstein Law Group
        Marquis Aurbach Coffing
        Peel Brimley LLP/Henderson
        Eighth District Court Clerk