129 Nev., Advance Opinion 25

IN THE SUPREME COURT OF THE STATE OF NEVADA

TAMMY EGAN,
Appellant,
vs.
GARY CHAMBERS, DPM, AN
INDIVIDUAL; AND SOUTHWEST
MEDICAL ASSOCIATES, INC., A
NEVADA CORPORATION,
Respondents.

No. 56674

FILED

APR 25 2013



Appeal from a district court order dismissing a professional negligence action. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

*Reversed and remanded.*

Brent D. Percival, Esq., P.C., Las Vegas,
for Appellant.

Hutchison & Steffen, LLC, and Michael K. Wall and L. Kristopher Rath,
Las Vegas,
for Respondents.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, CHERRY, J.:

In this opinion, we reexamine whether NRS 41A.071's affidavit-of-merit requirement applies to claims for professional

negligence.[1]  In 2009, we considered the identical question in *Fierle v. Perez*, 125 Nev. 728, 219 P.3d 906 (2009).  Despite the plain language of NRS 41A.071, we concluded in *Fierle* that professional negligence actions were subject to the affidavit-of-merit requirement.  *Id.* at 736-38, 219 P.3d at 911-12.  While we acknowledge the important role that stare decisis plays in Nevada's jurisprudence, we recognize that we broadened the scope of NRS 41A.071, expanding the reach of the statute beyond its precise words.  We now conclude that professional negligence actions are not subject to the affidavit-of-merit requirement based on the unambiguous language of NRS 41A.071 and, consequently, we overrule, in part, our holding in *Fierle*.  The district court therefore erred when it dismissed appellant's professional negligence complaint for lack of a supporting affidavit of merit.  Accordingly, we reverse the district court's order and remand this matter to the district court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In 2007, appellant Tammy Egan visited a physician concerning ongoing pain she was having in her left foot and was referred to respondent Gary Chambers, a doctor of podiatric medicine, for surgery.

---

[1]NRS 41A.071 provides that:

> If an action for *medical malpractice or dental malpractice* is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

(Emphasis added to reflect the omission of professional negligence.)

Chambers, who was employed by respondent Southwest Medical Associates, Inc. (SMA), performed several surgical procedures on Egan's left foot and ankle in July 2007. Following the operation, Egan complained of darkened skin and blisters around the surgical areas, and after several follow-up visits, Chambers discovered gangrene in Egan's left foot. Chambers referred Egan to another podiatric physician, who ultimately performed three additional surgical operations on her foot in August and September 2007, including amputating the left great toe and part of the left foot. Following the procedures and follow-up treatment, the podiatric physician concluded that Egan would suffer permanent disability and would not be able to return to her previous employment as a waitress.

In July 2008, Egan filed a district court complaint for professional negligence against Chambers and SMA.[2] Although Egan's

---

[2]Egan's complaint asserted causes of action for both professional negligence and breach of contract. However, because both causes of action were based on Chambers' alleged "failure to perform medical care which rose to the level of compliance with the established care owed to [Egan]," her entire complaint in fact sounded in tort, and issues regarding NRS 41A.071's affidavit requirement thus apply equally to both causes of action. *See State Farm Mut. Auto. Ins. Co. v. Wharton*, 88 Nev. 183, 186, 495 P.3d 359, 361 (1972) (noting that, in determining whether an action is based on contract or tort, this court looks at the nature of the grievance to determine the character of the action, not the form of the pleadings); *Stafford v. Schultz*, 270 P.2d 1, 6 (Cal. 1954) (stating that a patient's action for injuries based on the physician's negligent treatment of the patient is an action sounding in tort and not upon a contract); *Christ v. Lipsitz*, 160 Cal. Rptr. 498, 501 (Ct. App. 1979) ("It is settled that an action against a doctor arising out of his negligent treatment of a patient is an action sounding in tort and not one based upon a contract." (quoting *Bellah v. Greenson*, 146 Cal. Rptr. 535, 542 (Ct. App. 1978))).

complaint alleged that Chambers' medical treatment fell beneath the standard of care expected of a practicing podiatric physician in Clark County, podiatrists are not considered "physicians" under NRS Chapter 41A for medical malpractice claim purposes, and thus, Egan filed the complaint without a supporting NRS 41A.071 affidavit of merit. Subsequently, Egan filed an amended complaint, also without a supporting affidavit of merit.

While Egan's case was pending before the district court, this court issued its decision in *Fierle* concluding that an affidavit of merit is required under NRS 41A.071 for both medical malpractice and professional negligence complaints, including when claims based on medical malpractice and professional negligence are asserted against a professional medical corporation. *Fierle*, 125 Nev. at 734-36, 737-38, 219 P.3d at 911, 912. This court concluded, therefore, that, like medical malpractice complaints, professional negligence complaints filed without a supporting affidavit of merit were void ab initio and must be dismissed. *Id.* at 741, 219 P.3d at 914.

Relying on *Fierle*, Chambers and SMA[3] moved to dismiss Egan's complaint in February 2010. The district court granted the motion and dismissed Egan's complaint without prejudice in July 2010. At that point, absent the availability of some type of equitable relief, Egan admittedly was unable to file a new complaint because the statute of

---

[3]As there are no allegations that SMA is a hospital, the claims against SMA also do not fall within the definition of "medical malpractice." *See* NRS 41A.009 (including hospitals and their employees in the definition of medical malpractice).

limitations for her claims had expired. *See* NRS 41A.097(2). This appeal followed.

## DISCUSSION

Applying de novo review, we take this opportunity to reconsider whether NRS 41A.071's affidavit-of-merit requirement applies to professional negligence claims. *See I. Cox Constr. Co. v. CH2 Investments*, 129 Nev. ___, ___, 296 P.3d 1202, 1203 (2013) (holding that this court reviews questions of statutory construction de novo). When a statute is clear on its face, we will not look beyond the statute's plain language. *Wheble v. Eighth Judicial Dist. Court*, 128 Nev. ___, ___, 272 P.3d 134, 136 (2012); *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004).

NRS 41A.071 provides that the district court shall dismiss, without prejudice, actions for "medical malpractice or dental malpractice" filed without an affidavit of merit. The plain language of NRS 41A.071 makes no mention of professional negligence. NRS 41A.071 refers expressly to "medical malpractice," which in turn is defined as pertaining to physicians, hospitals, and hospital employees. NRS 41A.009. "Physician" is defined as a person licensed under NRS Chapters 630 or 633. NRS 41A.013. Podiatrists are not licensed pursuant to NRS Chapters 630 or 633; rather, they are licensed pursuant to NRS Chapter 635. As such, NRS 41A.071 does not, by its plain terms, apply to Egan's claims against her podiatrist. *See Morrow v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 294 P.3d 411, 414 (2013) ("[I]n the face of that plain language, we cannot come to another construction.").

Although stare decisis plays a critical role in our jurisprudence, *ASAP Storage, Inc. v. City of Sparks*, 123 Nev. 639, 653,

173 P.3d 734, 743 (2007), our reading of NRS 41A.071 reveals no statutory ambiguity as previously suggested in *Fierle*. We now recognize that our prior decision conflated "medical malpractice" with "professional negligence" when we read NRS 41A.071 to apply to all professional negligence claims. In so doing, our construction of NRS 41A.071 unnecessarily reached beyond its plain language. Applying *Fierle* to professional negligence claims would be substantially inequitable and contrary to the plain language of the statute. As a result of *Fierle*'s flawed application, we must overrule, in part, our holding in that case and clarify that NRS 41A.071 only applies to medical malpractice or dental malpractice actions, not professional negligence actions. *See ASAP Storage*, 123 Nev. at 653, 173 P.3d at 743 (stating that "'[l]egal precedents of this court should be respected until they are shown to be unsound in principle'" (alteration in original) (quoting *Grotts v. Zahner*, 115 Nev. 339, 342, 989 P.2d 415, 417 (1999) (Rose, C.J., dissenting))); *Payne v. Tennessee*, 501 U.S. 808, 827 (1991) (when governing decisions prove to be "unworkable or are badly reasoned," they should be overruled). Therefore, Egan's professional negligence action against Chambers and SMA must proceed on the merits.

## CONCLUSION

For the reasons articulated above, we hold that the plain language of NRS 41A.071 indicates that professional negligence actions are not subject to its affidavit-of-merit requirement, and to the extent that our decision in *Fierle v. Perez*, 125 Nev. 728, 219 P.3d 906 (2009), conflicts

with this holding, we overrule it. Accordingly, we conclude that the district court erred when it dismissed Egan's professional negligence claim against Chambers and SMA for lack of a supporting affidavit of merit.[4] We reverse the district court's dismissal order and remand this case for further proceedings consistent with this opinion.

_____Cherry_____, J.
Cherry

We concur:

_____Pickering_____, C.J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Parraguirre_____, J.
Parraguirre

_____Douglas_____, J.
Douglas

_____Saitta_____, J.
Saitta

---

[4]In light of our resolution of this appeal, we need not reach Egan's remaining contentions.