An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH MCQUADE,
Appellant,
vs.
GHAZAL MOUNTAIN DENTAL
GROUP, P.C., A NEVADA
PROFESSIONAL CORPORATION
D/B/A MOUNTAIN DENTAL GROUP,
Respondent.

No. 61347

**FILED**

SEP 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

JOSEPH MCQUADE,
Appellant,
vs.
GHAZAL MOUNTAIN DENTAL
GROUP, P.C., A NEVADA
PROFESSIONAL CORPORATION
D/B/A MOUNTAIN DENTAL GROUP,
Respondents.

No. 61846

## ORDER OF REVERSAL AND REMAND

Consolidated appeals from district court orders granting a motion to dismiss and awarding costs pursuant to NRS 18.020. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant Joseph McQuade filed a complaint against Mary Shehata, D.M.D., for complications resulting from an emergency root canal procedure performed at respondent Ghazal Mountain Dental Group (MDG). In the complaint, McQuade also alleged that MDG was vicariously liable for his injuries under respondeat superior and negligent hiring theories. In an effort to comply with NRS 41A.071, McQuade attached an affidavit from Dennis P. Riley, D.D.S., to the complaint, which detailed how Dr. Shehata's treatment of McQuade constituted dental malpractice, but only cursorily mentioned MDG.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31821

Dr. Shehata filed a motion to dismiss McQuade's complaint on the basis that Dr. Riley was not a qualified expert. MDG joined and supplemented Dr. Shehata's motion to dismiss, alleging that the affidavit attached to McQuade's complaint did not demonstrate how MDG's actions fell below the professional standard of care. After a hearing on the matter, the district court determined that the affidavit was sufficient under NRS 41A.071 to allege dental malpractice against Dr. Shehata, and denied her motion to dismiss. But the court also determined that the affidavit did not properly detail how MDG committed professional malpractice. Thus, the court granted the motion to dismiss the complaint as to MDG. Further, the court awarded MDG costs pursuant to NRS 18.020 because MDG was a prevailing party in the action.

This court reviews issues of statutory interpretation de novo. *Egan v. Chambers*, 129 Nev. ___, ___, 299 P.3d 364, 366 (2013). But we review an award of costs for an abuse of discretion. *Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1352, 971 P.2d 383, 385 (1998).

Under NRS 41A.071, in a dental malpractice action, the district court "shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert." McQuade asserts that NRS 41A.071 is inapplicable to his action against MDG because he is not suing MDG for dental malpractice, rather, he is suing based on vicarious liability and negligent hiring practices. MDG insists that McQuade's claims against MDG were based on dental malpractice, and that NRS 41A.071 must therefore be satisfied.

We have determined that NRS 41A.071 "only applies to medical malpractice or dental malpractice actions, not professional

negligence actions." *Egan*, 129 Nev. at ___, 299 P.3d at 367. In the action against MDG, McQuade did not have to comply with NRS 41A.071 because the action was based on respondeat superior and negligent hiring, not medical or dental malpractice. Thus, the district court erred in dismissing the complaint as to MDG. Further, this decision necessitates a reversal of the district court's award of costs to MDG because MDG is not a prevailing party. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Ronald J. Israel, District Judge
Stephen E. Haberfeld, Settlement Judge
Palazzo Law Firm
Alverson Taylor Mortensen & Sanders
Eighth District Court Clerk