135 Nev., Advance Opinion 25

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAMES A. BOESIGER, AN INDIVIDUAL; AND MARIA S. BOESIGER, AN INDIVIDUAL, Appellants, vs. DESERT APPRAISALS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND TRAVIS T. GLIKO, AN INDIVIDUAL, Respondents. | No. 75198 |

**FILED**

JUL 03 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK



Appeal from a district court order granting summary judgment in a professional negligence action involving a real property appraisal. Eighth Judicial District Court, Clark County; James Crockett, Judge.

*Affirmed.*

David J. Winterton & Associates, Ltd., and David J. Winterton and Meghan H. Shigemitsu, Las Vegas,
for Appellants.

Lipson Neilson P.C. and Joseph Garin and Eric N. Tran, Las Vegas,
for Respondents.

_____

BEFORE PICKERING, PARRAGUIRRE and CADISH, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we are asked to review a district court order granting summary judgment in favor of respondents, a real estate appraisal

19-28441

company and a professional real estate appraiser. After purchasing a home, appellants alleged respondents negligently relied on inaccurate information to calculate the home's size and market value, resulting in a misleading appraisal report and an inflated purchase price, and preventing appellants from thereafter refinancing their home loan.

As set forth herein, we affirm the district court's order granting summary judgment for respondents. We also take this opportunity to emphasize the important role of summary judgment in promoting sound judicial economy. Courts should not hesitate to discourage meritless litigation in instances where, as here, claims are deficient of evidentiary support and are based on little more than the complainants' conclusory allegations and accusations.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2013, appellants James and Maria Boesiger purchased a home in Las Vegas for $337,000, financing most of the purchase price through a mortgage on the property. The mortgage company contracted with respondent Desert Appraisals, LLC, to perform an appraisal on the property, which the appraiser, respondent Travis Gliko, valued at $340,000, with 3,002 square feet of gross living area. The appraisal report explicitly noted a discrepancy between the square footage reported by the county assessor's office, which apparently estimated 3,553 square feet, and the square footage as estimated by the appraiser, explaining that the added footage appeared to be based on outdated information from when the garage was used as a model home office. After unsuccessfully attempting to refinance their home loan approximately one year later, appellants purportedly became aware of the discrepancy in square footage. Appellants thereafter filed suit against respondents, asserting claims for professional negligence, negligent misrepresentation,

breach of the statutory duty to disclose a material fact, and breach of contract as third-party beneficiaries. Specifically, appellants alleged respondents negligently relied on the incorrect assessor's data for the property, which resulted in an overvalued appraisal and caused appellants to purchase the home at an inflated purchase price.

Appellants filed their complaint in October 2015. After initially designating an expert appraiser to testify, appellants withdrew the expert witness after failing to comply with NRCP 16.1(a)(2)'s requirements for designating an expert witness. More than two years after appellants filed their complaint, respondents moved for summary judgment, noting appellants' failure to designate an expert witness to establish the professional standard of care for real estate appraisers, and arguing that this failure was fatal to appellants' complaint. Other than the depositions of Maria Boesiger and Gliko, the record does not indicate appellants proffered any evidence supporting their claim. Although appellants identified various individuals who might testify in support of their challenge to the property appraisal, as well as potentially discoverable documents, by December 2017, no such testimony or evidence had been provided, other than the two depositions, the 2013 purchase agreement, and the disputed property appraisal itself.

The district court granted summary judgment for respondents. In rejecting appellants' professional negligence claim, the court concluded appellants failed to establish the appropriate professional standard of care by failing to designate an expert witness to testify as to industry standards governing professional appraisers. The district court also concluded that appellants' claims for negligent misrepresentation and breach of duty to disclose failed in that they were derivative of appellants' deficient professional negligence claim. Finally, the district court determined that

appellants failed to show that they were clearly intended third-party beneficiaries of the appraisal contract between respondents and the mortgage company, which had ordered the appraisal.

## DISCUSSION

Summary judgment is an important procedural tool by which "factually insufficient claims or defenses [may] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v Catrett*, 477 U.S. 317, 327 (1986). We review a district court order granting summary judgment de novo, viewing all evidence in a light most favorable to the nonmoving party. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Pursuant to NRCP 56, a party may properly move for summary judgment where the party establishes "that there is no genuine dispute as to any material fact" and the party is entitled to judgment as a matter of law. It is well settled that summary judgment should only be granted "when the pleadings, depositions, answers to interrogatories, admissions, and affidavits . . . that are properly before the court demonstrate that no genuine issue of material fact exists." *Wood*, 121 Nev. at 731, 121 P.3d at 1031. However, to survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the operative facts," relying upon more than general allegations and conclusions set forth in the pleadings, and must present specific facts demonstrating the existence of a genuine issue. *Id.* at 732, 121 P.3d at 1031 (internal quotation marks omitted).

### Professional negligence-based claims

The district court rejected appellants' claim for professional negligence, granting summary judgment for respondents based on appellants' failure to establish the standard of care governing the

performance of an appraisal. To assert a claim for professional negligence, a party must show "(1) [a] duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) . . . proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Morgano v. Smith*, 110 Nev. 1025, 1028 n.2, 879 P.2d 735, 737 n.2 (1994). Generally, where an alleged harm involves conduct that is not "within the common knowledge of laypersons," the applicable standard of care "must be determined by expert testimony." *Daniel, Mann, Johnson & Mendenhall v. Hilton Hotels Corp.*, 98 Nev. 113, 115, 642 P.2d 1086, 1087 (1982).

As made clear in their pleadings below, appellants complained that respondents failed to exercise the particular level of professional care established by the appraisal industry. The appraisal report specifies that the performance of the appraisal was subject to the Uniform Standards of Professional Appraisal Practice and indicates that the sales comparison approach to property valuation was used to calculate the home's value. While a layperson may be generally familiar with the concept of a home appraisal prior to purchase, there can be little question that the specific standards governing the performance of a real estate appraiser, and the various approaches used within the profession to calculate property values, are not within the common knowledge of the average layperson. Hence, expert testimony is typically required to establish the standard of care governing the performance of a real estate appraisal. *See Crawford v. Signet Bank*, 179 F.3d 926, 929 (D.C. Cir. 1999); *Brown v. Interbay Funding, LLC*, 417 F. Supp. 2d 573, 579 (D. Del. 2006); *see also State Bd. of Equalization v. Bakst*, 122 Nev. 1403, 1411-12, 148 P.3d 717, 722-23 (2006) (discussing the complexities of the sales comparison approach to property

SUPREME COURT
OF
NEVADA

(O) 1947A

5

valuation, noting "valuation of property is an illusory matter upon which experts hold differences of opinion" (internal quotation marks omitted)).

Appellants initially designated a professional appraiser as an expert witness, but the expert was later withdrawn and was not subsequently replaced. Despite initially designating an expert witness, appellants now argue that expert testimony is unnecessary to establish the professional standard of care governing real estate appraisals. Appellants, however, have offered no authority to support this proposition and base their argument on an incorrect interpretation of caselaw.[1] We are not persuaded that the professional standards governing the appraisal industry are within the common knowledge of the average layperson. Accordingly, we hold the district court correctly concluded that appellants failed to provide evidence necessary to establish the first element of their claim for professional negligence.

Even if appellants had succeeded on the first element of their professional negligence claim, they utterly failed to provide any evidence that respondents breached a duty of care. The record includes no evidence to indicate the appraiser misrepresented the property's value or condition. The only documentary evidence in the record to support appellants' claim regarding a discrepancy between the appraisal report and the county assessor's data is the report itself, which, in fact, undermines appellants' claim in that it clearly documented the appraiser's rejection of the assessor's information. The report expressly notes the assessor's estimate of 3,553

---

[1]To support their proposition that expert testimony is unnecessary to establish the standard of care in a professional negligence action, appellants misapply our decision in *Egan v. Chambers*, 129 Nev. 239, 240-41, 299 P.3d 364, 365 (2013). Our holding in *Egan* addressed a specific question concerning NRS 41A.071's affidavit-of-merit pleading requirements in medical malpractice actions and is inapposite to this appeal.

square feet, confirms the appraiser's rejection of that estimate, and states the property was appraised at 3,002 square feet. To the extent appellants aver respondents relied on an incorrect home model or sales of homes that were not comparable to the property they purchased, appellants have failed entirely to substantiate these claims as well, relying exclusively on Maria Boesiger's deposition testimony and her unsubstantiated opinions therein.

Simply put, the evidence in the record before us is insufficient to demonstrate that any *"genuine* issue" of fact exists, such that "a reasonable jury could return a verdict for the non-moving party." *Posadas v. City of Reno*, 109 Nev. 448, 452, 851 P.2d 438, 441-42 (1993) (emphasis added). Having reviewed Maria Boesiger's deposition, we note that the factual circumstances surrounding the home purchase render appellants' claims particularly disingenuous. Maria testified that she became a licensed real estate salesperson in Nevada shortly before she and her husband purchased the property, and that she came to be interested in the home because it was listed for sale by the real estate company for which she was working after obtaining her license. Maria also testified she personally participated in efforts to sell the very home appellants now contend was negligently appraised, and that she co-hosted an open house with her supervisor, who would ultimately serve as appellants' agent in the transaction. Yet, in spite of Maria's admitted training and licensure as a Nevada real estate professional, and her firsthand knowledge of and direct participation in efforts to sell the property, appellants maintain that they were misled by a faulty appraisal report and were somehow in the dark as to the property's actual square footage or market value when they purchased the home. We are not persuaded that a reasonable jury could conclude, based on this limited evidence, that a licensed real estate salesperson could participate in efforts to market and sell a home, later

decide to purchase it, and, at the time of purchase, be unaware of the property's actual size and value.

Further, reviewing the minimal evidence in the record before us, we think it no stretch at all to characterize appellants' claims as implausible, at best, given the utter lack of any evidence in the record to support their allegation that respondent was negligent in completing the property appraisal. Appellants failed to provide an expert that could corroborate the allegation that the appraisal was deficient, and the report itself clearly explained that the assessor's data was inaccurate and was not used in the appraisal's valuation, despite appellants' claims otherwise. Indeed, appellants failed to even provide documentation of a discrepancy between the property's actual square footage and data purportedly listed by the county assessor. Were it not for the challenged report itself, in which Gliko identified, explained, and rejected the assessor's data, the record would be entirely devoid of any evidence of such a discrepancy. Simply put, appellants failed in the most basic respects to substantiate their claims, opting instead to proffer little more than their own speculation and conjecture. In light of the parties' lackluster attempt to support their complaint with sufficient evidence, we think it warranted here to observe that trial courts should not be reluctant in dispensing with such claims, as they are instructive of the type of litigation that summary judgment is meant to obviate.

*Breach of contract claim*

The district court also correctly concluded appellants lacked standing to enforce the appraisal contract as third-party beneficiaries. To assert standing as a third-party beneficiary to a contract, a plaintiff must show (1) a clear intent to benefit the third party, and (2) the third party's foreseeable reliance on the agreement. *Lipshie v. Tracy Inv. Co.*, 93 Nev.

Supreme Court
of
Nevada

(O) 1947A

8

370, 379, 566 P.2d 819, 824-25 (1977). Here, the appraisal report, by its express terms, explicitly identified the lender as the sole intended beneficiary of the appraisal and provided that no other beneficiary was intended. While the report also acknowledged that appellants were entitled to rely thereupon as part of the purchase transaction, this provision alone does not indicate clear intent sufficient to confer third-party beneficiary rights. The same clause entitling appellants to rely on the report also identified "mortgage insurers, government sponsored enterprises, and other secondary market participants" as parties entitled to rely on the appraisal. We cannot conclude that such generic terms indicate a clear intent to confer third-party contract rights to such a broad class of unnamed entities. *See Canfora v. Coast Hotels & Casinos, Inc.*, 121 Nev. 771, 779, 121 P.3d 599, 604-05 (2005) ("Whether an individual is an intended third-party beneficiary . . . depends on the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered." (internal quotation marks omitted)). Even assuming, arguendo, that appellants had succeeded in establishing their status as third-party beneficiaries, they proffered no evidence sufficient to show that respondents breached any duty owed to them as such.[2]

Two years after filing their complaint, appellants failed to provide a shred of evidence to meaningfully substantiate their claims, just

---

[2]In their opening brief, appellants also challenge the district court's post-judgment award of attorney fees. Because appellants did not appeal from any such post-judgment order, we do not address appellants' argument as to the alleged award of attorney fees. *See Winston Prods. Co. v. DeBoer*, 122 Nev. 517, 525, 134 P.3d 726, 731 (2006) ("Like an appeal from a final judgment, an appeal from an order awarding attorney fees and costs must be filed no more than 30 days from the date that notice of the order's entry is served."); *see also* NRAP 4(a)(1), 3(c)(1)(B).

repeated allegations of negligent performance and misrepresentations on the part of the appraiser. Appellants' only serious attempt to substantiate their allegations appears to be the abandoned designation of a professional appraiser as an expert witness. Aside from the challenged appraisal report itself, appellants ultimately relied exclusively on deposition testimony, alleging respondents engaged in negligent conduct and made misrepresentations based on inaccurate data. We conclude such bare and unsubstantiated allegations, without more, are wholly insufficient to sustain appellants' claims. We also emphasize that in instances such as this, where an action is brought with practically no evidentiary basis to support it, summary judgment can be a valuable tool to discourage protracted and meritless litigation of factually insufficient claims. In dispensing with frivolous actions through summary judgment, courts promote the important policy objectives of sound judicial economy and enhance the judiciary's capacity to effectively and efficiently adjudicate legitimate claims.

In light of the foregoing, we affirm the district court order granting summary judgment.

_____, J.
Parraguirre

We concur:

_____, J.
Pickering

_____, J.
Cadish

SUPREME COURT
OF
NEVADA

(O) 1947A