# IN THE SUPREME COURT OF THE STATE OF NEVADA

SIGAL SCHWARTS, INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST
TO ISRAEL SCHWARTS, DECEASED,
DANIEL SCHWARTS, AN
INDIVIDUAL; AND SKYE SCHWARTS,
AN INDIVIDUAL,
Appellants,
vs.
UNIVERSITY MEDICAL CENTER OF
SOUTHERN NEVADA, POLITICAL
SUBDIVISION OF CLARK COUNTY,
STATE OF NEVADA,
Respondent.

No. 77554

FILED

MAR 2 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

SIGAL SCHWARTS, SPOUSE OF
DECEASED, INDIVIDUALLY AND
SUCCESSOR-IN-INTEREST TO
ISRAEL SCHWARTS, DECEASED;
DANIEL SCHWARTS, SON OF
DECEASED; AND SKYE SCHWARTS, A
MINOR,
Appellants,
vs.
AMANDA VALDEZ, M.D., AN
INDIVIDUAL; DOUGLAS R. FRASER,
M.D.; JOSHUA MAC DAVID, M.D.;
SYED F. SAQUIB, M.D.; AND
KENNETH L. TANYI, M.D.,
Respondents.

No. 77666

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders of dismissal in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

The Schwartses, appellants, sued respondents, University Medical Center (UMC, Docket No. 77554) and a team of UMC doctors

20-11706

(collectively, Valdez, Docket No. 77666), for medical malpractice, civil conspiracy, professional negligence, and wrongful death related to the death of a family member. The Schwartses alleged that their decedent was taken to UMC for care after being stabbed and, after a doctor improperly removed a drain tube from his liver, the amount of blood he lost caused heart failure. They also claimed that, after his death, the doctors treating the decedent and UMC conspired to falsify his medical records to show that he died of a heart attack rather than from heart failure due to blood loss. UMC and Valdez separately moved to dismiss the Schwartses' complaint because it was not accompanied by the medical expert affidavit that NRS 41A.071 requires. Although the Schwartses abandoned their other claims, they asserted that the district court should not dismiss their civil conspiracy claim because it was not subject to NRS 41A.071. The district court disagreed, and entered separate dismissal orders granting UMC's and Valdez's motions. These appeals followed, which we consolidated for resolution. *Schwarts v. Univ. Med. Ctr. of S. Nev.*, Docket Nos. 77554, 77666 (Order Consolidating Appeals, Feb. 27, 2020).

NRS 41A.071 provides that "[i]f an action for professional negligence is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without a[ supporting] affidavit" from a medical expert. Whether this statute applies to the Schwartses' civil conspiracy claim presents a question of statutory interpretation subject to de novo review. *See Egan v. Chambers*, 129 Nev. 239, 242, 299 P.3d 364, 366 (2013) (applying de novo review to determine whether the affidavit requirement applied to professional negligence claims under the previous version of the statute regarding "medical malpractice"). In order to determine whether the Schwartses' civil conspiracy claim is

subject to NRS 41A.071, this court must evaluate whether the claim "involve[s] medical diagnosis, judgment, or treatment, or [is] based on [UMC's and Valdez]'s performance of nonmedical services." *Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 641, 403 P.3d 1280, 1284 (2017) (determining whether the subject claims constituted medical malpractice subject to NRS 41A.071, or ordinary negligence not subject to that statute). We do this by looking at the "gravamen or substantial point or essence of [the] claim rather than its form to see whether [the] claim is for medical malpractice." *Id.* at 643, 403 P.3d at 1285 (internal quotation marks omitted).

To succeed on their civil conspiracy claim, the Schwartses would have to prove both an unlawful objective and damages: "An actionable civil conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Consolidated Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (internal quotation marks omitted). The unlawful objective alleged by the Schwartses was the concealment of medical malpractice, with the resulting damage being the Schwartses' loss of their ability to bring a claim for wrongful death caused by medical malpractice.

To support their unlawful-objective and resulting-damage allegations, the Schwartses would necessarily have to prove the underlying medical malpractice—that Valdez acted in contravention of appropriate standards of medical care when she removed the decedent's drain tube. Because proving that Valdez's actions fell below the relevant standard of medical care "involve[s] medical diagnosis, judgment, or treatment," the

claim is subject to NRS 41A.071 and required a supporting affidavit. *Szymborski*, 133 Nev. at 641, 403 P.3d at 1284. This is further bolstered by the fact that "the jury [could] only evaluate the [Schwartses' conspiracy] claim[ ] after presentation of the standards of care by a medical expert." *Id.* at 642, 403 P.3d at 1284 (providing that a claim sounds in medical malpractice if the jury would require testimony from a medical expert to resolve the claim). With no affidavit-of-merit to support the medical malpractice alleged in the Schwartses' civil conspiracy claim, the district court properly dismissed the action. *See* NRS 41A.071; *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1303, 148 P.3d 790, 793-94 (2006) ("The Legislature's choice of the words 'shall dismiss' instead of 'subject to dismissal' indicates that the Legislature intended that the court have no discretion with respect to dismissal and that a complaint filed without an expert affidavit would be void and must be automatically dismissed."). We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Jerry A. Wiese, District Judge
Israel Kunin, Settlement Judge
Gibson Lowry LLP
James J. Conway
University Medical Center of Southern Nevada
Carroll, Kelly, Trotter, Franzen, McBride & Peabody/Las Vegas
Eighth District Court Clerk