142 Nev., Advance Opinion *2*

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF CHILDREN N.D., G.D., AND M.D.

N.D., G.D., M.D., AND CLARK COUNTY DEPARTMENT OF FAMILY SERVICES,
Appellants,
vs.
KEVIN JOHN D.,
Respondent.

No. 90392

**FILED**

JAN 08 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Jurisdictional prescreening of an appeal from a juvenile court order dismissing a petition for child protection under NRS Chapter 432B. Eighth Judicial District Court, Family Division, Clark County; Robert Teuton, Judge.

*Appeal allowed to proceed.*

Steven B. Wolfson, District Attorney, and Megan Miller, Chief Deputy District Attorney, Clark County,
for Appellant Clark County Department of Family Services.

Legal Aid Center of Southern Nevada and Ellie Roohani, Las Vegas,
for Appellants N.D., G.D., and M.D.

Bowen Law Offices and Jerome R. Bowen, Las Vegas,
for Respondent.

26- 00946

BEFORE THE SUPREME COURT, PICKERING, CADISH, and LEE, JJ.

*OPINION*

By the Court, PICKERING, J.:

Appellants challenge a juvenile court order dismissing a petition for child protection under NRS Chapter 432B. In *In re A.B.*, 128 Nev. 764, 769, 291 P.3d 122, 126 (2012), this court determined that such an order, arising from juvenile proceedings and involving child custody, was not appealable. We now recognize that the jurisdictional analysis in *In re A.B.* is flawed, overrule *In re A.B.* in part, and conclude that an order dismissing and thus completely resolving NRS Chapter 432B proceedings is appealable as a final judgment under NRAP 3A(b)(1). Because the juvenile court order challenged here completely resolves the NRS Chapter 432B proceedings, it is a final judgment appealable under NRAP 3A(b)(1), and this appeal may proceed.

I.

Appellant Clark County Department of Family Services (CCDFS) filed a petition pursuant to NRS Chapter 432B alleging that appellant minor children were in need of protection from their father, respondent Kevin John D., and their stepmother, Mandi D. Before trial began, the allegations against Mandi were withdrawn. As to Kevin, the juvenile court conducted a lengthy evidentiary hearing, concluded that the allegations were not proven by a preponderance of the evidence, and dismissed the petition as to him. CCDFS and the minor children appeal from the dismissal order.

Jurisdictional prescreening raised concerns with the substantive appealability of the order, since it arises out of a juvenile proceeding and concerns child custody. *See* NRAP 3A(b)(7) (allowing an appeal from certain child custody orders that do not arise in juvenile court); *In re A.B.*, 128 Nev. at 769, 291 P.3d at 126 (determining that an order concerning child custody that arises from juvenile proceedings is not substantively appealable). Accordingly, we entered an order directing appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. The children argue in response that the dismissal order is a final judgment appealable under NRAP 3A(b)(1). They contend *In re A.B.* was wrongly decided and should be overruled. CCDFS joins in the children's response. Kevin counters that child custody orders arising from the juvenile courts, whether final or nonfinal, are not appealable under the plain language of NRAP 3A(b)(7) and *In re A.B.*, which remains good law.

II.

This court may consider only those appeals authorized by statute or court rule. *Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013). It does not appear, and the parties do not assert, that any statute specifically authorizes an appeal from an order finally resolving NRS Chapter 432B proceedings. Therefore, the only avenue for appealability of such an order is by court rule. And only one court rule provides a possible basis for jurisdiction—NRAP 3A(b)(1).

NRAP 3A(b)(1) authorizes an appeal from a final judgment entered by a district court. A final judgment is defined as one "that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d

Supreme Court
OF
Nevada

(O) 1947A

3

416, 417 (2000). An order finally resolving a petition for child protection under NRS Chapter 432B by dismissal squarely fits this definition—it disposes of all issues in the case, leaving nothing more for the court to consider other than post-judgment issues. Other courts agree that such orders finally resolve abuse and neglect proceedings. *See, e.g., Int. of A.L.R.*, 685 S.W.3d 613, 617-18 (Mo. Ct. App. 2024) (after dismissal of an abuse and/or neglect petition, there was nothing further for the juvenile court to consider such that the judgment is an appealable final order); *Int. of FP*, 488 P.3d 943, 948 (Wyo. 2021) (an order dismissing juvenile abuse/neglect proceedings was a final appealable judgment where the order determined the merits of the controversy and resolved all outstanding issues by declaring permanency had been achieved, discharging the children from the case, and closing the case file). Moreover, by definition, a "juvenile court" is a district judge who is assigned to serve as a judge in the juvenile court pursuant to court rule or NRS 62B.010. NRS 432B.050; NRS 62A.180. Accordingly, a juvenile court order is an order entered by a district court. A juvenile court order completely dismissing a petition for child protection under NRS Chapter 432B therefore constitutes a final judgment entered by a district court within the meaning of NRAP 3A(b)(1).

Kevin asserts, however, that NRAP 3A(b)(7) limits application of NRAP 3A(b)(1) such that all orders arising from juvenile dependency proceedings, even final judgments, are not appealable. We disagree. The plain language of NRAP 3A(b)(7) allows appeals from final child custody orders that do not arise from juvenile court proceedings. The rule does not *disallow* appeals from final child custody orders arising from juvenile court proceedings as final judgments under NRAP 3A(b)(1). *See Weddell v. Stewart*, 127 Nev. 645, 651, 261 P.3d 1080, 1084 (2011) ("[R]ules of statutory

construction apply to court rules."); *Smith v. Zilverberg*, 137 Nev. 65, 72, 481 P.3d 1222, 1230 (2021) ("If a statute's language is plain and unambiguous, we enforce the statute as written, without resorting to the rules of construction."); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012) ("Nothing is to be added to what the text states or reasonably implies. . . . [A] matter not covered is to be treated as not covered.").

Reading NRAP 3A(b) as a whole also indicates that NRAP 3A(b)(7) does not withdraw the appellate jurisdiction that NRAP 3A(b)(1) provides. *See generally Orion Portfolio Servs. 2 LLC v. Univ. Med. Ctr. of S. Nev.*, 126 Nev. 397, 403, 245 P.3d 527, 531 (2010) (explaining the court's duty to construe statutes as a whole). Each of the 12 subparts addresses appeals from different types of orders. Any conditions or clarifying language are included within the relevant subpart and apply only to that subpart. *See* NRAP 3A(b)(2) (allowing appeals from orders resolving certain post-judgment orders "provided [that] all such motions are resolved as required by Rule 4(a)(5)"); NRAP 3A(b)(6) (specifying the procedure for appeals from orders changing or refusing to change the place of trial); NRAP 3A(b)(8) (specifying that post-judgment orders awarding or refusing to award attorney fees or costs or granting or denying relief pursuant to NRCP 60(b) are included as special orders after final judgment).

Although orders completely dismissing juvenile proceedings under NRS Chapter 432B appear to be appealable as final judgments, in *In re A.B.*, this court seemingly concluded to the contrary, holding that an appeal from a juvenile court order dismissing an abuse and neglect petition was not substantively appealable. 128 Nev. at 769, 291 P.3d at 126. There, CCDFS filed a petition for a writ of mandamus challenging the juvenile

court's dismissal of an abuse and neglect petition filed pursuant to NRS Chapter 432B. *In re A.B.* includes only one sentence regarding the availability of an appeal from such an order: "In this case, because the lower court's order arises from a juvenile proceeding and concerns child custody, it is not substantively appealable under NRAP 3A, and therefore, DFS's only remedy is by way of a petition for a writ of mandamus. *See Matter of Guardianship of N.S.*, 122 Nev. 305, 311, 130 P.3d 657, 661 (2006) (recognizing that a writ of mandamus is the appropriate remedy when challenging an order concerning child custody in a juvenile proceeding)." 128 Nev. at 769, 291 P.3d at 126.

*In re A.B.*'s reliance on *Matter of Guardianship of N.S.* (hereinafter, *N.S.*) is problematic. First, the statement of law set forth in the parenthetical explanation of *N.S.* makes an unwarranted expansion of the holding in that case. In *N.S.*, the petitioner challenged juvenile court orders, entered in NRS Chapter 432B proceedings, denying her petitions for guardianship and visitation. 122 Nev. at 311, 130 P.3d at 661. The court determined that no statute or court rule authorized an appeal from the order denying the guardianship petition and that NRAP 3A(b)(2) (now NRAP 3A(b)(7)) did not authorize an appeal from the order denying the visitation petition because the order arose in a juvenile proceeding. *Id.* *N.S.* did not, as suggested by the parenthetical in *In re A.B.*, recognize that writ relief is the appropriate remedy when challenging *any* order concerning child custody in a juvenile proceeding. The discussion in *N.S.* was limited to the two orders at issue in that case. Further, the broad statement in *In re A.B.* that the order finally resolving NRS Chapter 432B proceedings "is not substantively appealable under NRAP 3A" seems to rely on *N.S.* for the proposition that the order is not appealable under any provision of the

NRAP, including NRAP 3A(b)(1). But *N.S.* did not involve a challenge to an order finally resolving NRS Chapter 432B proceedings and did not discuss appealability under NRAP 3A(b)(1).

This court is reluctant to depart from the doctrine of stare decisis and overrule precedent. However, we will not adhere to the doctrine when legal precedents are shown to be unsound. *See In re Est. of Sarge*, 134 Nev. 866, 870-71, 432 P.3d 718, 722 (2018); *Egan v. Chambers*, 129 Nev. 239, 243, 299 P.3d 364, 367 (2013). Given that an order finally resolving NRS Chapter 432B proceedings is appealable as a final judgment under the plain language of NRAP 3A(b)(1) and that *In re A.B.* relies on a flawed interpretation of *N.S.*, we overrule *In re A.B.* to the extent it holds that all orders concerning child custody and arising from juvenile proceedings are unappealable. NRAP 3A(b)(1) allows appeals from orders that finally resolve NRS Chapter 432B proceedings, notwithstanding that they involve child custody. It does not, however, authorize appeals from interlocutory child custody orders entered in NRS Chapter 432B proceedings.

## III.

A juvenile court order finally resolving a petition for child protection under NRS Chapter 432B is appealable as a final judgment under NRAP 3A(b)(1). The juvenile court order challenged in this appeal completely resolved the NRS Chapter 432B proceedings initiated by the filing of CCDFS's petition for child protection. Therefore, the order is appealable as a final judgment under NRAP 3A(b)(1), and this appeal may proceed. Appellants shall have 60 days from the date of this order to file

SUPREME COURT
OF
NEVADA

(O) 1947A

and serve the opening brief and appendix. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).[1]

_____ , J.
Pickering

We concur:

_____ , J.
Cadish

_____ , J.
Lee

_____

[1] Per IOP 9(e), this opinion has been circulated among all justices of this court, any two of whom, under IOP 13(b), may request en banc review of a case. The two votes needed to require en banc review in the first instance of the question of overruling *In re A.B.* in part were not cast.