136 Nev., Advance Opinion 64

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| APCO CONSTRUCTION, INC., A NEVADA CORPORATION, Appellant, vs. ZITTING BROTHERS CONSTRUCTION, INC., Respondent. | No. 75197 <br><br> FILED <br><br> OCT 03 2020 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> CHIEF DEPUTY CLERK |

Appeal from a district court summary judgment and attorney fees and costs award, certified as final under NRCP 54(b), in a contract action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

*Affirmed.*

Marquis Aurbach Coffing and Kathleen A. Wilde, Jack Chen Min Juan, and Cody S. Mounteer, Las Vegas; Fennemore Craig, P.C., and John Randall Jefferies and Christopher H. Byrd, Las Vegas,
for Appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and Jorge A. Ramirez and I-Che Lai, Las Vegas,
for Respondent.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

## OPINION

By the Court, STIGLICH, J.:

In *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, we concluded that pay-if-paid provisions in construction contracts, whereby a

20-36873

subcontractor gets paid only if the general contractor is paid by the project owner for that work, are generally unenforceable because they violate public policy. 124 Nev. 1102, 1117-18, 197 P.3d 1032, 1042 (2008). At the same time, we recognized that, due to statutory amendments, such provisions could be enforceable in limited circumstances, subject to the restrictions laid out in NRS 624.624-.626 of Nevada's Prompt Payment Act. *Id.* at 1117 & n.50, 197 P.3d at 1042 & n.50.

We take this opportunity to clarify that pay-if-paid provisions are not per se void and unenforceable in Nevada. However, such provisions are unenforceable if they require subcontractors to waive or limit rights provided under NRS 624.624-.630, relieve general contractors of their obligations or liabilities under NRS 624.624-.630, or require subcontractors to waive their rights to damages, as further outlined under NRS 624.628(3). Because provisions in the subcontract considered here condition payment on the general contractor receiving payment first and require the respondent subcontractor to forgo its right to prompt payment under NRS 624.624 when payment would otherwise be due, such provisions are void under NRS 624.628(3) and cannot be relied upon by appellant general contractor for its nonpayment to respondent for work performed. Furthermore, because appellant's evidence in support of its other conditions-precedent defenses is precluded and the plain language of NRS 108.239(12) permits a subcontractor to sue a contractor for unpaid lien amounts, we affirm the district court's grant of summary judgment and award of attorney fees and costs in favor of respondent.

*FACTS AND PROCEDURAL BACKGROUND*

Appellant APCO Construction, Inc., served as general contractor on the Manhattan West mixed-used development project in Las

SUPREME COURT
OF
NEVADA

(O) 1947A

Vegas owned by Gemstone Development West, Inc. In 2007, APCO entered into a subcontract agreement with respondent Zitting Brothers Construction, Inc., to perform woodframing, sheathing, and shimming work on the project.

The subcontract required APCO to pay Zitting for 100 percent of work completed during the prior month, minus 10 percent for retention, within 15 days of APCO receiving payment from Gemstone for Zitting's competed work. Payment to Zitting was conditioned upon APCO's receipt of payment from Gemstone—known colloquially as a "pay-if-paid" provision. The subcontract also conditioned APCO's payment to Zitting of the retention amount on the following conditions precedent: (1) completion of each building, (2) Gemstone's approval of Zitting's work, (3) APCO's receipt of final payment from Gemstone, (4) Zitting's delivery to APCO of all as-built drawings for its work and other close-out documents, and (5) Zitting's delivery to APCO of a release and waiver of claims. The subcontract further conditioned APCO's payment to Zitting for change orders on Gemstone paying APCO, except where APCO executed and approved the change order in writing and Zitting completed those changes. Moreover, if the prime contract were terminated, APCO would pay Zitting for completed work after Gemstone paid APCO. The contract also contained a severability clause and provided that the prevailing party in litigation would be entitled to costs, attorney fees, and any other reasonable expenses.

Zitting performed work under APCO until the prime contract between APCO and Gemstone terminated in August 2008. Camco Pacific Construction Company subsequently became general contractor, and Zitting continued to work for Camco until the project shut down in December 2008. As a result of the project's failure, APCO, Zitting, and other

subcontractors went unpaid and filed multiple lawsuits and mechanics' liens.

Relevant to this appeal, Zitting in 2009 sued APCO and Gemstone for breach of contract, foreclosure of a mechanics' lien, and various other claims. Zitting sought $750,807.16 for work completed prior to APCO's departure, including $403,365.49 in unpaid retention amounts for Buildings 8 and 9 and $347,441.67 in unpaid change orders. APCO raised various affirmative defenses in its answer, including that Zitting failed to meet conditions precedent and that Gemstone never paid APCO to thereby compel payment under the pay-if-paid provisions. But in 2010, when Zitting sent interrogatories to APCO seeking the facts supporting APCO's defenses, APCO only mentioned the pay-if-paid provisions to defend its nonpayment.

Zitting served APCO again in April 2017 with the same set of interrogatories, and APCO responded with similar responses raising its pay-if-paid defense.[1] Zitting deposed two of APCO's NRCP 30(b)(6) witnesses. Discovery closed in June 2017, and Zitting moved for summary judgment on its breach of contract and foreclosure of mechanics' lien claims.

---

[1]The underlying litigation was stayed for six years to resolve the lien priority between APCO's mechanics' liens and the construction loan deed of trust held by the project's lender, Scott Financial Corporation. We ultimately concluded that Scott Financial's deed of trust had priority. *In re Manhattan W. Mechanic's Lien Litig. v. Eighth Judicial Dist. Court*, 131 Nev. 702, 712, 359 P.3d 125, 131 (2015). Scott Financial thus received the net proceeds of the project's sale, leaving contractors and subcontractors unpaid. A special master was appointed in June 2016 to coordinate discovery on the remaining claims.

APCO opposed summary judgment, raising arguments in support of its additional conditions-precedent defenses other than the pay-if-paid provisions for the first time. Without ruling on summary judgment, the district court reopened discovery on a limited basis.

APCO deposed Zitting's NRCP 30(b)(6) witness and filed a supplemental response to its interrogatories three weeks before trial to include the other conditions-precedent defenses. Zitting moved to limit APCO's defenses to only the pay-if-paid provisions, and the district court granted that motion in a minute order.

The district court granted partial summary judgment in favor of Zitting's breach of contract and mechanics' lien claims, concluding that the pay-if-paid provisions were void and unenforceable. It also concluded that APCO failed to seasonably amend its interrogatories pursuant to NRCP 26(e)(1) and to explain its reasoning for not disclosing its other defenses. The district court precluded APCO from providing evidence in support of other defenses under NRCP 37(c)(1), since those defenses were "too little, too late" and the delay prejudiced Zitting, which had formed its litigation strategy based on the interrogatories. Furthermore, the court concluded that Zitting substantially complied with the conditions precedent, entitling it to payment for retention amounts, and its change orders were approved by operation of law under NRS 624.626(3), or alternatively, Zitting was entitled to payment upon APCO's termination pursuant to the subcontract. The district court also concluded that NRS 108.239(12) permitted Zitting to a personal judgment against APCO for unpaid amounts. Given that Zitting was entitled to its claimed amount, the district court found that Zitting's remaining claims were moot. APCO moved for reconsideration, which the district court denied. The district

court entered an order awarding Zitting attorney fees and costs and entered judgment in favor of Zitting in the amount of $936,251.11, plus interest. The district court certified its judgment as final pursuant to NRCP 54(b). APCO appeals.[2]

## DISCUSSION

We review the district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment may be granted for or against a party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 55, 366 P.3d 1105, 1109 (2016) (quoting NRCP 56(c) (2005)). "If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence." *Cuzze v. Univ. & Cmty. Coll. Sys.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) (citing NRCP 56(a), (e)).

---

[2]APCO also appeals the district court's minute order granting Zitting's motion in limine to limit the defenses of APCO to the pay-if-paid provisions. As a preliminary matter, we agree with Zitting's argument that the minute order is not independently appealable. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (providing that a minute order is "ineffective for any purpose and cannot be appealed"). However, we conclude that we have jurisdiction to entertain APCO's arguments related to the preclusion of its conditions-precedent defenses as part of APCO's appeal from final judgment. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998).

*The district court did not err in granting summary judgment in favor of Zitting on its breach of contract claim*

APCO argues that the district court erred in granting summary judgment on the breach of contract claim because the pay-if-paid provisions were enforceable, the district court abused its discretion in precluding the other conditions-precedent defenses, genuine issues of material fact precluded summary judgment, and the district court erred in applying a substantial performance standard and interpreting the contract. We disagree.

*The pay-if-paid provisions are void and unenforceable*

NRS 624.628(3) protects a subcontractor's statutory rights. The provision provides that:

> A condition, stipulation or provision in an agreement which:
>
> (a) Requires a lower-tiered subcontractor to waive any rights provided in NRS 624.624 to 624.630, inclusive, or which limits those rights;
>
> (b) Relieves a higher-tiered contractor of any obligation or liability imposed pursuant to NRS 624.624 to 624.630, inclusive; or
>
> (c) Requires a lower-tiered subcontractor to waive, release or extinguish a claim or right for damages or an extension of time . . .
>
> *is against public policy and is void and unenforceable.*

(Emphasis added.)

One of the rights that NRS 624.628(3)(a) protects includes a subcontractor's right to prompt payment for labor, materials, and equipment. *See* NRS 624.624. For example, NRS 624.624(1)(a) provides that if a higher-tiered contractor enters into a written agreement with a

lower-tiered subcontractor *that includes a schedule for payments*, the higher-tiered contractor shall pay the lower-tiered subcontractor:

> (1) On or before the date payment is due; or

> (2) Within 10 days after the date the higher-tiered contractor receives payment for all or a portion of the work, materials or equipment described in a request for payment submitted by the lower-tiered subcontractor,

> whichever is earlier.

Where the written agreement contains *no schedule for payments*, NRS 624.624(1)(b) provides that the lower-tiered subcontractor be paid:

> (1) Within 30 days after the date the lower-tiered subcontractor submits a request for payment; or

> (2) Within 10 days after the date the higher-tiered contractor receives payment for all or a portion of the work, labor, materials, equipment or services described in a request for payment submitted by the lower-tiered subcontractor,

> whichever is earlier.

Nevada's prompt payment statute thus clearly sets out for subcontractors to be paid in a timely manner. In accordance with the purpose of lien statutes to "secure payment to those who perform labor or furnish material to improve the property of the owner," we concluded in *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, regarding pay-if-paid provisions that:

> Because a pay-if-paid provision limits a subcontractor's ability to be paid for work already performed, such a provision impairs the subcontractor's statutory right to place a mechanics' lien on the construction project. As noted above, Nevada's public policy favors securing payment for labor and material contractors. Therefore, we conclude that pay-if-paid provisions

are unenforceable because they violate public policy.

124 Nev. 1102, 1115, 1117-18, 197 P.3d 1032, 1041-42 (2008) (internal quotation marks and footnote omitted). We clarified, however, that "[p]ay-if-paid provisions entered into subsequent to the Legislature's [2001] amendments are enforceable only in limited circumstances and are subject to the restrictions laid out" in the prompt payment provisions in NRS 624.624 through NRS 624.626. *Id.* at 1117 n.50, 197 P.3d at 1042 n.50.

To resolve any confusion that parties may still have on the enforceability of pay-if-paid provisions in Nevada, we clarify today that pay-if-paid provisions entered subsequent to the Legislature's 2001 amendments are not per se void and unenforceable. Rather, such provisions require a case-by-case analysis to determine whether they are permissible under NRS 624.628(3), and we hold that they are unenforceable if they require any subcontractor to waive or limit its rights provided under NRS 624.624-.630, relieve general contractors of their obligations or liabilities under NRS 624.624-.630, or require subcontractors to waive their rights to damages or time extensions. The district court therefore erred in outright concluding that pay-if-paid provisions are void and unenforceable without considering the specific contract terms and whether the provisions were permitted under statute.

Nonetheless, in reviewing the parties' subcontract de novo, *Lehrer McGovern Bovis*, 124 Nev. at 1115, 197 P.3d at 1041, and questions of statutory construction de novo, *I. Cox Constr. Co., LLC v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013), we conclude that the pay-if-paid provisions in the subcontract are unenforceable under NRS 624.628(3)(a) because they limit Zitting's rights to prompt payment under NRS 624.624(1). While the parties' subcontract appears to contain a

schedule of payment that requires APCO to pay Zitting within 15 days after payment from Gemstone, akin to a pay-*when*-paid provision, other provisions in the subcontract condition payment to Zitting *solely* upon APCO receiving payment from Gemstone—thereby making the subcontract unmistakably pay-*if*-paid.

Thus, despite the subcontract's schedule for payments, Zitting would not be paid as required under NRS 624.624(1)(a) if APCO did not receive payment from Gemstone—even if Zitting performed its work, Gemstone accepted the work, and payment would otherwise be due. *Cf. Padilla Constr. Co. of Nev. v. Big-D Constr. Corp.*, Docket Nos. 67397 & 68683 (Order of Affirmance, Nov. 18, 2016) (concluding that payment never became due to the subcontractor under the subcontract or NRS 624.624(1)(a) because the owner never accepted the subcontractor's work for defectiveness and never paid the contractor for the subcontractor's work).[3] Accordingly, such pay-if-paid provisions limit Zitting's right to prompt payment under NRS 624.624(1) and limit Zitting's recourse to a mechanics' lien. We therefore hold that the pay-if-paid provisions in the parties' subcontract are void and unenforceable under NRS 624.628(3)(a).[4] *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245

---

[3]Even if the subcontract were construed to contain no schedule for payments, as Zitting maintains, NRS 624.624(1)(b) requires that Zitting be paid within 30 days after it requested payment if APCO were not paid. The pay-if-paid provisions, however, mean that Zitting would not be paid if APCO were not paid, violating NRS 624.624(1)(b).

[4]As we resolve this dispute on another basis, we need not reach the parties' arguments on whether the pay-if-paid provisions would be void under NRS 624.628(3)(c).

P.3d 1198, 1202 (2010) (affirming where "the district court reached the correct result, even if for the wrong reason").

*The district court's preclusion of APCO's evidence in support of its other conditions-precedent defenses was not an abuse of discretion*

Next, APCO argues that the district court abused its discretion in precluding APCO from relying on its conditions-precedent defenses other than the pay-if-paid conditions. We review a district court's imposition of a discovery sanction for an abuse of discretion. *Foster v. Dingwall*, 126 Nev. 56, 65, 227 P.3d 1042, 1048 (2010); *Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 243, 249, 235 P.3d 592, 596 (2010). In doing so, we affirm the district court's preclusion of APCO's evidence in support of its other defenses.

NRCP 26(e)(1) requires a party to timely supplement or correct any disclosure or response if it has responded to a request for discovery and later acquires new information that was not made known to the other party. If a party fails to provide information required by NRCP 26(e), then the party generally may not use that information to support its claims. NRCP 37(c)(1). Furthermore, the court may prohibit a party from supporting a claim or defense as a discovery sanction. *See* NRCP 37(b)(1)(B).

We conclude that APCO failed to timely supplement its interrogatories under NRCP 26(e)(1).[5] While we recognize that there was a

---

[5]APCO argues that it had no duty to timely supplement its interrogatories because Zitting had knowledge that its other conditions precedent were not met throughout the life of the lawsuit, and APCO's NRCP 30(b)(6) designee testified that not all of the conditions precedent were met. Because APCO never challenged its duty to supplement in the district court proceedings below, we consider that argument waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A

six-year stay on the case and that APCO's deposition of Zitting's NRCP 30(b)(6) witness occurred much later due to the parties' intentional delay, APCO asserted its conditions-precedent affirmative defenses as early as 2010 in its pleadings, yet failed to mention or provide any support for such defenses in response to Zitting's 2010 and 2017 interrogatories. One of APCO's NRCP 30(b)(6) witnesses also testified to its sole reliance on the pay-if-paid provisions. Even if its latter NRCP 30(b)(6) witness testified as to the conditions in July 2017, APCO should have amended its interrogatories then. However, APCO's amendments to its interrogatories to include those other defenses three weeks before trial in November 2017 were untimely.

To avoid preclusion of evidence in support of those defenses, APCO had to prove that its failure to disclose was substantially justified or harmless. *See Pizarro-Ortega v. Cervantes-Lopez*, 133 Nev. 261, 265, 396 P.3d 783, 787 (2017). APCO failed to provide any reasoning demonstrating justification or harmlessness before the district court. The district court therefore did not abuse its discretion in precluding APCO from providing evidence in support of its defenses other than the pay-if-paid provisions defense under NRCP 37. *See Foster*, 126 Nev. at 63, 66, 227 P.3d at 1046, 1049 (concluding that the district court did not abuse its discretion in striking appellants' pleadings where the appellants failed to supplement their responses to their answers to interrogatories and requests for production of documents).

---

point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

SUPREME COURT
OF
NEVADA

(O) 1947A

We disagree with APCO's contention that the district court abused its discretion by not permitting the conditions-precedent defenses to be tried by consent under NRCP 15(b). NRCP 15(b) permits the parties to try issues not raised by the pleadings by express or implied consent—not to try an issue precluded due to a party's discovery conduct. Because APCO's conditions-precedent defenses were raised in the pleadings but were precluded due to its failure to comply with discovery obligations, NRCP 15(b) does not apply.

We hold that the district court did not abuse its discretion in precluding APCO's evidence in support of the other conditions-precedent defenses. Accordingly, even if there were factual disputes on whether Buildings 8 and 9 were complete or on whether the change orders were approved, such facts are not material to bar Zitting from summary judgment.[6] *See Wood*, 121 Nev. at 730, 121 P.3d at 1030 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact" that "might affect the outcome of the suit" (internal quotation marks omitted)). Therefore, we hold that the district court did not err in granting summary judgment in favor of Zitting on its breach of contract claim.

---

[6]Since such facts are not material, we need not resolve whether the contract requires strict or substantial compliance and whether APCO's termination of the contract required it to pay Zitting for unpaid amounts under section 9.4 of the parties' subcontract or NRS 624.626(6). To the extent that APCO argues on appeal that its assignment of the contract to Gemstone relieved it of liability pursuant to terms of the contract, such argument was not raised below and is therefore waived. *See Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

*The district court properly granted summary judgment in favor of Zitting on its foreclosure of its mechanics' lien claim*

APCO also argues that the district court erred in granting summary judgment on Zitting's NRS Chapter 108 claim because APCO has no ownership interest in the property and NRS 108.239(12) supports a judgment only against the owner. Reviewing statutory construction de novo, *I. Cox Constr. Co.*, 129 Nev. at 142, 296 P.3d at 1203, we conclude otherwise.

NRS 108.239 governs the procedure to foreclose a mechanics' lien on a property, stating notice requirements and the procedure to sell the property and distribute the proceeds. Where the sale proceeds satisfy more than the sum of all liens and the cost of the sale, the remainder is to be "paid over to the owner of the property." NRS 108.239(11). But where the sale proceeds of the property are insufficient to satisfy all liens, the proceeds are to be apportioned accordingly to the lien claimants. *Id.* NRS 108.239(12) further provides that "[e]ach party whose claim is not satisfied in the manner provided in this section is entitled to personal judgment for the residue *against the party legally liable for it* if that person has been personally summoned or has appeared in the action." (Emphasis added.)

The plain language of NRS 108.239(12) permits a judgment against the "party legally liable for it"—not necessarily the "owner." NRS 108.239(12) (referring to the party liable); *see City Council of Reno v. Reno Newspapers, Inc.*, 105 Nev. 886, 891, 784 P.2d 974, 977 (1989) ("When the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it."). Because Zitting is claiming amounts that APCO owes on retention and change orders based on its contract with APCO, APCO is the "party legally liable" for the unsatisfied lien claim. APCO also appeared in the action as the party who

brought summary judgment against Scott Financial on its NRS Chapter 108 foreclosure of mechanics' lien claim. Zitting may therefore obtain the residue of its unpaid portions from APCO under NRS 108.239(12).

We agree with APCO that the purpose of mechanics' lien statutes is to protect contractors and prevent unjust enrichment of property owners. *See In re Fontainebleau Las Vegas Holdings, LLC*, 128 Nev. 556, 574, 289 P.3d 1199, 1210 (2012) (explaining that the Legislature "created a means to provide contractors secured payment" since "contractors are generally in a vulnerable position because they extend large blocks of credit; invest significant time, labor, and materials into a project; and have any number of workers vitally depend upon them for eventual payment." (internal quotation marks omitted)). NRS 108.239(12) is consistent with the public policy rationales protecting contractors because they have an additional mechanism to collect on the costs of labor and materials furnished. Just as Zitting may pursue a judgment against APCO, APCO may pursue a judgment against Gemstone for any deficient amounts.

APCO's argument that it is not liable under NRS 108.239(12), because APCO was never paid and NRS 108.235(2) requires the general contractor to indemnify the owner only when the general contractor is paid, is unsupported. NRS 108.235(2) imposes an affirmative duty on the general contractor to indemnify the owner if the owner paid the general contractor for the amounts that lien claimants, such as subcontractors, are claiming from the owner. If the owner pays the subcontractors for amounts that the general contractor owes, then the owner can deduct that amount from what it owes to the general contractor. *See* NRS 108.235(3). Where the owner did not pay the general contractor, the general contractor may itself recover through a notice of lien. *See* NRS 108.235(1). Nothing suggests, however,

that the owner rather than the general contractor is liable to subcontractors for amounts that a general contractor owes to subcontractors.

Accordingly, we affirm the district court's grant of summary judgment in favor of Zitting.[7] Because Zitting is the prevailing party, and both the parties' subcontract and NRS 108.237(1) permit an award of reasonable attorney fees and costs to the prevailing lien claimant, we conclude that the district court did not abuse its discretion in granting Zitting attorney fees and costs. *Logan v. Abe*, 131 Nev. 260, 267, 350 P.3d 1139, 1144 (2015) (reviewing award of costs for an abuse of discretion); *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014) (reviewing award of attorney fees for abuse of discretion).

## *CONCLUSION*

We hold today that resolving the enforceability of pay-if-paid provisions requires a case-by-case analysis to determine whether they are permissible under NRS 624.628(3). We conclude, however, that the pay-if-paid provisions in the parties' subcontract are void and unenforceable under NRS 624.628(3)(a) because they limit Zitting's right to prompt payment under NRS 624.624(1). Furthermore, we conclude that the district court did not abuse its discretion in limiting APCO's conditions-precedent defenses, and NRS 108.239(12) permits a subcontractor to sue a contractor

---

[7]We decline to reach APCO's argument that the district court erred in denying its subsequent motion for reconsideration, as its opening brief only summarily asks us to reverse the denial without providing support. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that this court need not consider claims that are not cogently argued).

for unpaid lien amounts.  Accordingly, we affirm the district court's grant of summary judgment and attorney fees and costs in favor of Zitting.

_____, J.
Stiglich

We concur:

_____, J.
Gibbons

_____, J.
Silver